■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN BROWN, Appellant.—Judgment, Supreme Court, New York County (Rena Uviller, J.), rendered March 22, 1990, convicting defendant, after a jury trial, of reckless endangerment in the first degree and criminal possession of stolen property in the third degree, and sentencing him, as a predicate felony offender, to consecutive indeterminate prison terms of from 3½ to 7 years and from 2 to 4 years, respectively, unanimously affirmed.

Defendant argues that his conviction for third degree criminal possession of stolen property must be reduced to possession in the fourth degree on the ground that the People failed to establish that the value of the stolen 1987 Pontiac Grand Am exceeded the statutory minimum of $3,000 (Penal Law § 165.50). We disagree. The owner of the vehicle testified that it was in "very good condition" just prior to the theft. Significant damage was incurred *after* the theft by defendant's ramming the vehicle into a police barricade, behind which

stood a crowd of pedestrians. The People's licensed expert automobile appraiser personally examined the car and found it to be in "good condition" even after the accident, and further that its book value was approximately $9,000. This evidence, viewed in a light most favorable to the People, sufficiently established that the Grand Am's value exceeded the $3,000 statutory minimum.

Defendant's argument that the sentences he received for criminal possession of stolen property and reckless endangerment were required to run concurrently, is without merit. Penal Law § 70.25 (2) requires concurrent sentences for two or more offenses when the offenses are committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other. Defendant makes no claim that the latter prong of this rule is applicable here.

An "act" is defined as "a bodily movement" (Penal Law § 15.00 [1]). It is clear that the act of possessing the stolen automobile and the act of driving that automobile into a crowd of people were separate and distinct. Accordingly, consecutive sentences were properly imposed. (See, People v Truesdell, 70 NY2d 809; People v Brathwaite, 63 NY2d 839.) Concur —Murphy, P. J., Carro, Kupferman, Asch and Rubin, JJ.