■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN GARCIA, Appellant.—Judgment, Supreme Court, Bronx County (Harold Silverman, J.), rendered October 2, 1989, convicting defendant, after a jury trial, of criminal possession of stolen property in the third degree, and possession of burglar's tools and sentencing him as a second felony offender to an indeterminate prison term of from 3 to 6 years, unanimously affirmed.

Defendant seeks to have his conviction reduced to fourth degree criminal possession of stolen property on the ground that the evidence failed to establish that the value of the stolen 1985 Honda Accord was in excess of the statutory minimum of three thousand dollars (Penal Law § 165.50). The evidence at trial established that the car was in good condition prior to the theft, which occurred at most one hour before defendant was discovered trying to start the car. The People's expert appraiser estimated the pre-theft value to be $7,650.00, based on his pre-trial examination of the car, approximately seven months after the theft. The evidence further established that the damage incurred by the break-in was insubstantial. Thus, despite the absence of testimony as to the cost of repairs, the evidence, when viewed in a light most favorable to the People, was sufficient to establish that the car's value exceeded the statutory minimum *(see, People v Brown,* 174 AD2d 448).

Defendant's second claim, that the trial court erred by failing to comply with his request to clarify the charge on the

question of the car's value, is similarly without merit. The court had properly instructed the jury that the prosecution had to prove beyond a reasonable doubt that the car was worth more than the statutory minimum at the time of the crime. The jury was also correctly charged as to how to evaluate the expert appraiser's opinion, and as to their option to accept or reject his conclusions. Thus, when read as a whole the charge correctly apprised the jury of the applicable law *(see, e.g., People v Adams,* 69 NY2d 805).

With respect to defendant's final claim that his absence at a brief side-bar conducted by the court with a sitting juror and both counsel requires reversal, we have previously held that such an *in camera* voir dire is not a material part of a trial requiring the personal presence of the defendant, as long as his counsel is present to safeguard defendant's rights *(People v Metro,* 173 AD2d 282). Concur—Sullivan, J. P., Carro, Milonas and Kupferman, JJ.