OPINION OF THE COURT
Bellacosa, J.
Defendant was sentenced to consecutive terms of imprisonment upon his conviction by a jury of reckless endangerment in the first degree (Penal Law § 120.25) and criminal possession of stolen property in the third degree (Penal Law § 165.50). The Appellate Division affirmed, and a Judge of this Court granted leave to appeal. The sole issue before us is whether Penal Law § 70.25 (2) forbids consecutive sentencing in this case. We conclude it does not and therefore affirm the conviction and sentence.
This case stems from defendant’s conduct initially in unlawfully possessing and driving a stolen automobile in the Times Square area of midtown Manhattan on New Year’s Eve in 1988. Police officers, alerted to the possible criminal conduct involving the automobile, approached defendant in the vehicle *363 and ordered him to pull over. After at first appearing to cooperate, defendant accelerated the vehicle onto the sidewalk and into a crowd of pedestrians and police officers, injuring several of them.
The subject vehicle, a 1987 Pontiac Grand Am, was stolen from a convenience store in New Rochelle at approximately 10:30 p.m. on December 31, 1988. Approximately two hours later, at about 12:20 A.M., in still densely crowded Times Square, a civilian pedestrian pointed out the Grand Am to a police lieutenant. The stolen vehicle, with defendant Brown at the wheel, was stopped for a red traffic light on 40th Street, a short distance from its intersection with Avenue of the Americas. Police barricades had been set up at that intersection to control New Year’s Eve revelers and traffic. The lieutenant and a detective approached the stolen vehicle while defendant was "standing half in and half out of the car”, and his brother was sitting in the front passenger seat. The lieutenant ordered defendant to move the car to the right side of the street. Defendant appeared to comply by beginning to drive slowly with the driver’s door still ajar. As the vehicle approached the curb, the lieutenant repeated an order for defendant to turn off the ignition and hand over the keys. Defendant continued to drive the car slowly toward the corner of 40th Street and Avenue of the Americas, the location of the police barricades and dense crowds. When the vehicle was only two to three car lengths from the intersection, defendant suddenly accelerated, driving the Grand Am onto the sidewalk and plowing into the barricades and the wall of pedestrians and police. Several people were injured and the vehicle sustained damage. The vehicle came to rest just past the intersection. Though defendant immediately fled into the dense crowd, he returned to the scene shortly thereafter, apparently to ascertain his passenger brother’s situation. The police arrested defendant at the scene of the crimes.
Defendant’s only argument on appeal is that the trial court lacked the power to sentence him consecutively because both of his convictions, he claims, arose from a "single act”. The Appellate Division concluded that consecutive sentences were properly imposed, because "the act of possessing the stolen automobile and the act of driving that automobile into a crowd of people were separate and distinct” (174 AD2d 448, 449).
Where a defendant commits "two or more offenses * * * *364 through a single act ,” trial courts must impose only concurrent sentences (Penal Law § 70.25 [2] [emphasis added]). However, trial courts retain consecutive sentence discretion when separate offenses are committed through separate acts, though they are part of a single transaction (see, People v Brathwaite, 63 NY2d 839, 843; see also, People v Truesdell, 70 NY2d 809, 811; People ex rel. Maurer v Jackson, 2 NY2d 259, 264). An "act” under Penal Law § 15.00 (1) is a "bodily movement”.
In this case, defendant’s possession of the stolen automobile was an act legally separate from his act, after being intercepted by police officers, of driving the stolen vehicle into a crowd of pedestrians on a sidewalk. The act of the possessory crime, though continuing, is distinct for consecutive sentence purposes from the discrete act of reckless endangerment.
The evidence proves that defendant initially committed a continuing possessory crime — driving a vehicle, stolen some hours before, through the streets of midtown Manhattan. Defendant, when intercepted by police, either feigned compliance or intended to comply with the lawful direction to pull over and relinquish control of the stolen vehicle. In a legally and factually attenuated act, distinct from the mere continuing unlawful possession, defendant propelled the vehicle into a crowd of people on a sidewalk behind police barricades. On these facts, the act with its attendant circumstances was independent of the possessory crime for consecutive sentencing purposes. Defendant’s discrete acts — possession and propulsion of the vehicle — impacted different victims, were separated by place and were temporally differentiated, though in part overlapping. Thus, the possessory and substantive crimes were not of the "single act” variety for which consecutive sentencing authority is forbidden (see, People v Sturkey, 11 NY2d 979, 980; see also, People v Day, 73 NY2d 208, 210).
It is appropriate and useful to distinguish our precedents dealing with weapons possession and interrelated, ensuing substantive crimes. The evidence in this case renders it virtually certain that defendant did not initially possess the stolen vehicle for the purpose of recklessly endangering the lives of others, especially as carried out here (contrast, e.g., People v Sturkey, 11 NY2d, at 980, supra; see also, People v Walsh, 44 NY2d 631, 635). Thus, this case does not fall within and does not fit the narrow rationale and statutory interpretation underlying our cases dealing with consecutive sentencing in weapons prosecutions, where there is an interrelated, ensuing *365 substantive crime. Here, defendant’s possession of the vehicle was accompanied by a culpable mental state significantly discrete from that associated with the creation of the grave risk of death to others, i.e., reckless endangerment. Thus, neither the fact that the possessory offense was necessarily continuing in nature, nor that the property possessed — the vehicle — was also the instrument used in defendant’s conduct creating the grave risk of death to other persons, are determinative of the issue involving the sentencing regime here. This case did not involve a possessory offense with an instrumentality that is naturally or inherently interrelated, as occurs in the weapons possession and use circumstances in which we have interpreted the statute as precluding consecutive sentences.
In sum, the record supports the determinations of the lower courts that the offenses of which defendant stands convicted spring from distinct acts, not a "single act”, distinguishable by culpable mental state, nature and manner of use, time, place and victim. Thus, discretionary consecutive sentencing authority was available to the trial court. In so concluding, we note also that our construction and application of Penal Law § 70.25 (2) does not compel consecutive sentencing. The trial court retained the discretion, if the circumstances had warranted, to sentence concurrently. It did not do so and it did not err in sentencing as it did.
Accordingly, the order of the Appellate Division should be affirmed.
Acting Chief Judge Simons and Judges Kaye, Titone, Hancock, Jr., and Smith concur.
Order affirmed.