■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND MITCHELL, Appellant. [600 NYS2d 9] —Judgment, Supreme Court, Bronx County (Lawrence Bernstein J.), rendered May 8, 1991, which convicted defendant, following a jury trial, of murder in the second degree, manslaughter in the first degree, and attempted assault in the second degree, and which sentenced him to twenty years to life on the murder count, to be served consecutively to concurrent terms of imprisonment of five to fifteen years and one and one-third to four years on the manslaughter and attempted assault counts, respectively, and order of the same court, entered December 4, 1991, which denied defendant's CPL 440.10 motion to vacate his conviction, unanimously affirmed.

Defendant has failed to satisfy his burden of proving that but for his trial counsel's alleged errors, the result of the proceeding would have been different. Moreover, it is clear from the record that trial counsel effectively represented defendant under the circumstances. Indeed, while hindsight now enables defendant to question some of counsel's tactical decisions at trial, it is clear that those decisions, at the time they were made, provided defendant with meaningful representation (see, People v Jackson, 52 NY2d 1027).

We also note that since defendant's postjudgment CPL 440.10 motion to vacate his conviction was based on this same ineffective assistance claim with no additional submissions for the record, the trial court properly denied the motion without a hearing (CPL 440.10 [2] [b]).

Finally, as defendant engaged in a series of distinct, separate acts when he committed the instant crimes, he was appropriately sentenced to consecutive sentences (see, People v Brown, 80 NY2d 361). Concur—Rosenberger, J. P., Ellerin, Kupferman, Asch and Rubin, JJ.