■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK GREEN, Appellant. [748 NYS2d 146] —Judgment, Supreme Court, New York County (Charles Solomon, J.), rendered July 6, 1999, convicting defendant, after a jury trial, of rape in the first degree (two counts) and assault in the second degree, and sentencing him, as a second felony offender, to two concurrent terms of 25 years, consecutive to a term of seven years, unanimously affirmed.

Defendant's challenge to his assault conviction is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that it was based on legally sufficient evidence. Furthermore, we find that it was not against the weight of the evidence. The jury could have reasonably concluded from the circumstances of the assault that defendant's act of banging the victim's head against the

floor caused her to sustain injuries to the side of her head and substantial pain.

Defendant's claim that the officer's testimony about the victim's report of the rape exceeded the proper bounds of prompt outcry evidence is unpreserved since he argued against admission of this testimony on a completely different basis, and we decline to review it in the interest of justice. Were we to review this claim, we would find that the officer's concise, accurate representation of the victim's one-sentence statement did not convey accompanying details beyond those necessary to elicit the nature of the complaint (*see People v McDaniel*, 81 NY2d 10, 16-17).

The court properly imposed consecutive sentences for the rape and assault convictions. There was evidence of forcible compulsion with respect to the rape. While defendant's act of banging the victim's head on the floor constituted the assault, his acts of punching and choking the victim constituted the forcible compulsion underlying the separate and distinct act of rape (*see People v Brown*, 80 NY2d 361). Concur—Nardelli, J.P., Mazzarelli, Sullivan, Ellerin and Rubin, JJ.