■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TREVOR FREDERICK, Appellant. [851 NYS2d 561]—

Judgment, Supreme Court, New York County (James A. Yates, J.), rendered April 11, 2005, convicting defendant, after a jury trial, of attempted murder in the second degree, assault in the first degree, burglary in the first degree (three counts) and aggravated harassment in the second degree, and sentencing him to an aggregate term of 30 years, unanimously modified, on the law, to the extent of reducing the mandatory surcharge and crime victim assistance fee from $250 to $200 and $20 to $10, respectively, and otherwise affirmed.

The court properly denied defendant's application pursuant to *Batson v Kentucky* (476 US 79 [1986]). The prosecutor explained that he challenged one panelist for an employment-related reason, and challenged three others for demeanor-related reasons, coupled, in each instance, with a concern about the panelist's employment or educational level. The record supports the court's finding that these nondiscriminatory reasons were not pretextual. This finding, which essentially involved an assessment of the prosecutor's credibility, is entitled to great deference (*see People v Hernandez*, 75 NY2d 350, 356 [1990], *affd* 500 US 352 [1991]), and we do not find any disparate treat-

ment by the prosecutor of similarly situated panelists. Defendant did not preserve his present claims regarding a fifth panelist stricken during the first round of voir dire, or his claim that, in making its rulings, the court failed to follow the proper *Batson* procedure, and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. Viewed in context, the court's statement that the nondiscriminatory reasons were "not incredible" was a proper ruling, under step three of *Batson*, that these reasons were nonpretextual, and the court implicitly made the appropriate factual findings.

The court properly instructed the jury that the intent element of burglary could be satisfied in this case by, among other things, an intent to commit the crime of harassment in the first degree (Penal Law § 240.25). On the evidence presented, the jury could have found that at the time of his entry into the premises, defendant intended to continue a course of conduct or series of repeated acts that placed the victim in reasonable fear of physical injury (*cf. People v India*, 67 AD2d 488, 493 [1979] [dictum that entry with intent to continue an ongoing kidnapping would constitute burglary]).

As the People concede, since the crime was committed four days prior to the effective date of the legislation providing for an increase in the mandatory surcharge and crime victim assistance fee, they should be reduced as indicated. Concur—Mazzarelli, J.P., Andrias, Saxe, Gonzalez and Sweeny, JJ.