10 N.Y.3d 873 (2008)
890 N.E.2d 883
860 N.Y.S.2d 768
THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v.
NAGMELDEEN AZAZ, Appellant.
Court of Appeals of the State of New York.
Argued May 1, 2008.
Decided June 3, 2008.
*874 Lynn W.L. Fahey, New York City (Warren S. Landau of counsel), for appellant.
Charles J. Hynes, District Attorney, Brooklyn (Ruth E. Ross and Leonard Joblove of counsel), for respondent.
Chief Judge KAYE and Judges GRAFFEO, READ, SMITH, PIGOTT and JONES concur; Judge CIPARICK taking no part.

OPINION OF THE COURT
MEMORANDUM.
The order of the Appellate Division should be affirmed.
On August 20, 2001, defendant, during an argument with his wife that began in their apartment bathroom, obtained a meat cleaver from the kitchen, returned to the bathroom and began attacking her as she stood in the bathtub. At some point during this brutal attack, she begged him to hand her their eight-month-old son, who was sitting on the bathroom floor crying. Then, as she held the infant, defendant continued stabbing, inflicting a total of 17 wounds, cutting the infant twice. As his wife and baby slid down into the bathtub water, defendant cleaned the crime scene and left the apartment, taking their phone and locking the door behind him. Both mother and child died as a result of the attack.
After trial, the jury convicted him of intentional second-degree murder of his wife and depraved indifference murder of his son, and acquitted him of intentional second-degree murder of his son. The court sentenced defendant to consecutive prison terms of 25 years to life, and the Appellate Division affirmed.
Defendant's claim on appeal that his depraved indifference murder conviction is legally insufficient on a transferred *875 intent theory is unpreserved for our review. His argument that the court, during voir dire, erroneously described defendant's right to remain silent is likewise unpreserved since defense counsel acquiesced in the court's proposed remedy. Finally, the court properly imposed consecutive sentences upon defendant for the two murders. Even assuming that the two blows that resulted in the baby's death were the product of acts committed against the mother after defendant placed the child in her arms, still defendant inflicted 15 additional blows with the meat cleaver, at least four of them penetrating her skull and brain. "[T]rial courts retain consecutive sentence discretion when separate offenses are committed through separate acts, though they are part of a single transaction" (People v Brown, 80 NY2d 361, 364 [1992]).
Order affirmed in a memorandum.