■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESLIE PARKS, Appellant. [889 NYS2d 620]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gary, J.), rendered June 26, 2006, convicting him of murder in the first degree, robbery in the first degree, attempted robbery in the first degree, and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's convictions arose out of two separate

incidents that involved two different alleged accomplices. Each alleged accomplice testified for the People at the defendant's trial, and each named the defendant as his accomplice. ·

The defendant contends that the verdict was against the weight of the evidence on the grounds that the credibility of the testimony of the alleged accomplices was undermined by their previous criminal histories, drug use, and motivation to have their sentences reduced, and that there were discrepancies between the testimony of the alleged accomplices and that of the other witnesses, as well as between the accomplice testimony and other evidence adduced at trial. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Although the defendant made a motion to set aside the verdict based on insufficient corroboration of accomplice testimony regarding both of the subject incidents, this postverdict motion did not preserve his legal sufficiency claim with respect to one of those incidents (*see People v Laraby*, 92 NY2d 932, 933 [1998]; *People v Padro*, 75 NY2d 820, 821 [1990]). The defendant's challenge to the legal sufficiency of the evidence regarding the corroboration of the accomplice testimony is preserved for appellate review only with respect to the single incident for which he made a specific motion to dismiss based on insufficient corroboration (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 491-492 [2008]). Nonetheless, and in any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel. Counsel's failure to preserve a claim that was without merit was not a prejudicial error. Therefore, the defendant could not have been denied the effective assistance of counsel on that basis (*see People v Benevento*, 91 NY2d 708, 713 [1998]). Dillon, J.P., Dickerson, Belen and Roman, JJ., concur.