[931 NE2d 517, 905 NYS2d 533]

The People of the State of New York, Respondent, v Trevor Frederick, Appellant.

Argued April 28, 2010; decided June 10, 2010

APPEARANCES OF COUNSEL

*Center for Appellate Litigation*, New York City (*David J. Klem* and *Robert S. Dean* of counsel), for appellant.

*Cyrus R. Vance, Jr., District Attorney*, New York City (*Sylvia Wertheimer* and *Mary C. Farrington* of counsel), for respondent.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Division should be affirmed.

On November 7, 2003, defendant Trevor Frederick—enraged that his former girlfriend, a 19-year-old student, had gone on a date with the victim—pushed his way into the room in the dormitory-style Manhattan building where the student resided as she opened the door to walk the victim to the subway. Defendant stabbed the student in the neck so forcefully that he nearly severed her spine. As she lay on the floor, paralyzed and bleeding from the head and neck, the student heard defendant say, "Look, you made me kill my girl," as he stepped "in the direction of the window and where [the victim] was standing." The student then lost consciousness. The victim's body was later discovered in the courtyard below the fifth-floor window of the student's room. He died of blunt impact trauma to the head; his autopsy also revealed multiple knife wounds, including a stab wound to the neck.

Defendant was arrested and charged in an eight-count indictment with second-degree attempted murder, first-degree assault and second-degree aggravated harassment (for calling and leaving a threatening message) for his acts against the student; and with two counts of second-degree murder (depraved indifference and felony murder, with an unspecified burglary as the underlying felony) for his acts against the victim. The indictment also

charged defendant with three counts of first-degree burglary for causing injury to the student, using a dangerous instrument and causing injury to the victim.

At defendant's subsequent trial, Supreme Court dismissed the depraved indifference murder count before submitting the case to the jury. When one juror was unable to continue deliberating, the judge declared a mistrial. Defendant's second trial resulted in a partial verdict: the jury convicted defendant of all the crimes charged in the indictment except felony murder, as to which they deadlocked, prompting a mistrial on that count. Supreme Court sentenced defendant to concurrent terms of 20 years of imprisonment on the attempted murder, assault and two burglary charges relating to causing physical injury to the student and use of the knife; and imposed a consecutive term of 10 years of imprisonment on the burglary charge relating to causing physical injury to the victim.* Thus, the judge sentenced defendant to an aggregate prison term of 30 years. The Appellate Division subsequently modified this judgment by reducing the mandatory surcharge and crime victim assistance fees, and otherwise affirmed (48 AD3d 382 [1st Dept 2008]).

In the meantime, the People returned to the grand jury and successfully sought a new indictment, which charged defendant with both felony murder and first-degree manslaughter for the victim's death. After defendant was arraigned on the new indictment, Supreme Court dismissed the original indictment, with its sole remaining felony murder count, as superseded by the felony murder count in the new indictment. The case was then assigned to another judge, and defendant moved to dismiss the superseding indictment, which he characterized as "a nullity [that] should be dismissed in its entirety."

Supreme Court granted the motion on the ground that Criminal Procedure Law § 40.40 (2) barred the People from prosecuting defendant for manslaughter because this crime was a joinable offense uncharged in the original indictment on which trial had commenced. The judge noted that

> "in declaring a mistrial on the original indictment, [the trial court] did not dismiss the indictment or otherwise authorize the People to re-present new charges to a Grand Jury. Thus, the People [were]

---

* Defendant correctly notes that the issue of whether the 10-year sentence could be run consecutively to the 20-year sentence is not before us because it is not part of this appeal. Accordingly, we express no view on the matter.

limited to retrying the defendant upon the same accusatory instrument, and the super[s]eding indictment is a nullity."

As a result, the judge reinstated the original indictment.

Defendant next moved to dismiss the reinstated felony murder count, arguing that he could no longer be retried for this crime on the original indictment. But the judge concluded that "[u]pon finding that the super[s]eding indictment was a nullity," he had the authority to "re-instate[ ] the original indictment containing the sole remaining count of felony murder."

Defendant waived his right to a jury in favor of a bench trial, at which the judge found him guilty of the felony murder of the victim. The judge thereafter sentenced defendant to 25 years to life imprisonment, to run concurrently with the previously imposed 10-year sentence on the burglary charge relating to causing physical injury to the victim, and "consecutive to any other sentence [defendant was] serving with regard to [the student]," for an aggregate sentence of 45 years to life imprisonment. Defendant appealed, again urging that Supreme Court lacked authority to retry him on the felony murder count in the original indictment, or, alternatively, to run his sentence for the felony murder of the victim consecutively with the sentences previously meted out for his crimes against the student.

The Appellate Division unanimously rejected defendant's claims. The court opined that the retrial was appropriately based on the felony murder charge in the original indictment, emphasizing that "[t]he sole reason for dismissing the original indictment was that it had been superseded" (62 AD3d 612, 612 [1st Dept 2009]). Further, the Appellate Division "perceive[d] no basis for . . . directing that [defendant's sentence for felony murder] be served concurrently with [his] prior sentences" (*id.*).

■ We agree. First, the retrial properly went forward based on the felony murder count in the original indictment. Although the Criminal Procedure Law does not expressly provide for reinstatement of an indictment under the circumstances presented in this case, it does not preclude what Supreme Court did either. And logically, if the superseding indictment is a nullity—as defendant himself argued and Supreme Court held to be the case—then any action or consequence that flowed from its filing—here, the dismissal of the original indictment—was necessarily a nullity as well. In the absence of any constitutional or statutory double jeopardy bar, the trial court possessed inherent

authority to reinstate the original indictment after dismissing the superseding indictment (*see Matter of Lionel F.,* 76 NY2d 747, 749 [1990]).

Finally, the trial court was free to make defendant's sentence for killing the victim consecutive to the previously imposed sentences for what was an earlier and separate knife attack on the student during defendant's extended criminal rampage (*see People v Ramirez,* 89 NY2d 444, 451 [1996]). This was a nonjury trial where the judge, as factfinder, would have known when he sentenced defendant what facts he had found. There is no uncertainty about whether the facts supported a consecutive sentence owing to a lack of specificity in the jury charge, as was the case in *People v Parks* (95 NY2d 811 [2000]) and *People v Alford* (14 NY3d 846 [2010]).

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order affirmed in a memorandum.