■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN GRANT, Appellant. [999 NYS2d 144]—

Appeal by the defendant from a resentence of the Supreme Court, Kings County (Del Giudice, J.), imposed September 24, 2012, upon his convictions of attempted murder in the second degree, attempted aggravated assault upon a police officer, attempted robbery in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, the resentence being determinate terms of imprisonment of 25 years to be followed by five years of postrelease supervision upon his conviction of attempted murder in the second degree, 15 years to be followed by five years of postrelease supervision upon his

conviction of attempted robbery in the first degree, 15 years to be followed by five years of postrelease supervision upon his conviction of attempted aggravated assault upon a police officer, and 15 years to be followed by five years of postrelease supervision upon his conviction of criminal possession of a weapon in the second degree, with the terms of imprisonment imposed upon the convictions of attempted murder in the second degree, attempted aggravated assault upon a police officer, and attempted robbery in the first degree to run consecutively to each other and concurrently with the term of imprisonment imposed upon the conviction of criminal possession of a weapon in the second degree.

Ordered that the resentence is modified, on the law, by providing that the terms of imprisonment imposed upon the convictions of attempted murder in the second degree and attempted robbery in the first degree are to run concurrently with each other; as so modified, the resentence is affirmed.

On the afternoon of May 10, 2006, the defendant and a codefendant attempted a gunpoint robbery of Dennis Moore on a residential street in Crown Heights, Brooklyn. As Moore exited a van, the defendant and codefendant displayed handguns and demanded his money. When Moore refused, the defendant and codefendant pistol-whipped and shot him three times. An off-duty detective, Larry Young, observed the attempted robbery and intervened. Young displayed his shield and ordered the defendant and codefendant to stop. The defendant and codefendant shot at Young, and Young returned fire, striking the defendant, who then fled the scene. For his acts against Moore, the defendant was convicted of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]) and attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [2]), and for his acts against Young, he was convicted of attempted aggravated assault upon a police officer.

On appeal, the defendant contends that the Supreme Court erred in imposing consecutive terms of imprisonment on his convictions of attempted murder in the second degree and attempted robbery in the first degree relating to the victim Moore. We agree. Penal Law § 70.25 (2) provides that concurrent sentences must be imposed "for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other." "Thus, sentences [of imprisonment] imposed for two or more offenses may not run consecutively: (1) where a single act constitutes two offenses, or (2) where a single act constitutes one of the offenses and a material

element of the other" (*People v Laureano*, 87 NY2d 640, 643 [1996]). However, "trial courts retain consecutive sentence discretion when separate offenses are committed through separate acts, though they are part of a single transaction" (*People v Brown*, 80 NY2d 361, 364 [1992]; *see People v Azaz*, 10 NY3d 873, 875 [2008]).

Here, consecutive sentences may not be imposed because the act which constituted the offense of attempted murder in the second degree was a material element of the offense of attempted robbery in the first degree. A person is guilty of attempted murder in the second degree when, with intent to commit murder, he or she engages in conduct which tends to cause the death of another person (*see* Penal Law §§ 110.00, 125.25 [1]). A person is guilty of attempted robbery in the first degree, under the Penal Law section charged here, when he or she attempts to forcibly steal property and is armed with a deadly weapon (*see* Penal Law § 160.15 [2]). A person forcibly steals when he or she, in the course of committing a larceny, uses or threatens the immediate use of physical force to prevent or overcome resistance to the taking of the property or to compel the owner to deliver the property (*see* Penal Law § 160.00 [1], [2]). Here, the actus reus of the attempted murder charge was the firing of three shots at Moore, and the actus reus of the attempted robbery charge was the use or threatened use of physical force to attempt to steal property while armed with a deadly weapon. The act which constitutes attempted murder in the second degree is subsumed within the element of using force. Thus, the act constituting attempted murder in the second degree can be a material element of attempted robbery in the first degree (*cf. People v Laureano*, 87 NY2d at 644 [holding that the act which constitutes manslaughter in the first degree is subsumed within the element of causing serious physical injury for robbery in the first degree under Penal Law § 160.15 (1)]).

In addition, the People have failed to establish that the acts constituting the attempted robbery in the first degree were separate and distinct from the acts constituting the attempted murder in the second degree (*see id.* at 644-645; *People v Brown*, 80 NY2d at 364). Here, consecutive sentences could not be imposed because it is impossible to determine whether the firing of three gun shots at Moore, which formed the basis of the verdict of guilt on the attempted murder charge, was also the use of force which formed the basis of the jury's verdict of guilt on the attempted robbery charge (*see People v Alford*, 14 NY3d 846 [2010]; *People v Parks*, 95 NY2d 811 [2000]; *cf. People v Frederick*, 14 NY3d 913 [2010]; *People v Rodriguez*, 79 AD3d

644 [2010], *affd* 18 NY3d 667 [2012]). Therefore, the People have failed to establish that the acts constituting attempted robbery in the first degree were separate and distinct from those constituting attempted murder in the second degree. Accordingly, we modify the resentence to provide that the terms of imprisonment imposed upon those convictions are to run concurrently.

The defendant's remaining contention is without merit. Dickerson, J.P., Leventhal, Sgroi and LaSalle, JJ., concur.