■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE J. ECHOLS, Appellant. [40 NYS3d 186]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lasak, J.), rendered August 14, 2013, convicting him of murder in the first degree (two counts), murder in the second degree (three counts), attempted robbery in the first degree (two counts), attempted robbery in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the convictions of murder in the second degree, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence regarding the corroboration of the accomplice testimony is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *cf. People v Parks*, 67 AD3d 931, 932 [2009]). In any event, viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that the accomplice's testimony was sufficiently corroborated (*see* CPL 60.22 [1]; *People v Reome*, 15 NY3d 188, 194 [2010]; *People v Sudhan*, 83 AD3d 874, 874 [2011]), and was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Danielson*, 9 NY3d 342, 349 [2007]; *People v Bleakley*, 69 NY2d 490, 495 [1987]).

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d at 348-349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d at 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]; *People v Pelosi*, 128 AD3d 733, 734 [2015]).

As the People correctly concede, however, the convictions of murder in the second degree and the sentences imposed thereon must be vacated, and those counts of the indictment dismissed, because those charges are inclusory concurrent counts of the convictions of murder in the first degree (*see People v Jin Cheng Lin*, 105 AD3d 761, 763 [2013], *affd* 26

NY3d 701 [2016]; *People v Villafane*, 48 AD3d 712, 713 [2008]). Balkin, J.P., Hall, Cohen and LaSalle, JJ., concur.