■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALCIDES P., Appellant. [41 NYS3d 430]—Appeal by the defendant, as limited by his motion, from an amended sentence of the Supreme Court, Kings County (Brennan, J.), rendered February 3, 2015, revoking a sentence of probation previously imposed by the same court (Walsh, J.) upon a finding that he violated conditions thereof, after a hearing, and imposing a term of imprisonment upon his previous adjudication as a youthful offender for attempted criminal possession of a weapon in the second degree, on the ground that the amended sentence was excessive.

Ordered that the amended sentence is affirmed.

The defendant's purported waiver of his right to appeal was invalid, as the record fails to establish that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (*see People v Bradshaw*, 18 NY3d 257, 267 [2011]; *People v Johnson*, 109 AD3d 1004 [2013]). Thus, the waiver does not preclude review of this excessive sentence claim. However, under the circumstances, the Supreme Court did not improvidently exercise its discretion by directing that the amended sentence run consecutively to the sentence that was imposed for the defendant's subsequent conviction of criminal possession of a weapon in the third degree (*see generally People v Brown*, 80 NY2d 361 [1992]; *People v Sibert*, 127 AD3d 1112 [2015]). Eng, P.J., Mastro, Hall, Sgroi and Miller, JJ., concur.