■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE HENDERSON, Appellant. [49 NYS3d 716]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Griffin, J.), rendered January 26, 2012, convicting him of attempted murder in the second degree and assault in the first degree (two counts), upon a jury verdict, and sentencing him, as a juvenile offender, to indeterminate terms of 3⅓ to 10 years of imprisonment on each count, with the sentence on one of the assault counts (Penal Law § 120.10 [2]) to run consecutively to concurrent sentences imposed on the count of attempted murder in the second degree and the other assault count (Penal Law § 120.10 [1]). By decision and order dated June 25, 2014, this Court reversed the judgment, on the law, and ordered a new trial (*see People v Henderson*, 118 AD3d 1020 [2014]). On May 10, 2016, the Court of Appeals reversed the decision and order of this Court and remitted the matter to this Court for consideration of the facts and issues raised but not determined on the appeal to this Court (*see People v Henderson*, 27 NY3d 509 [2016]).

Ordered that, upon remittitur from the Court of Appeals, the judgment is modified, on the law, by providing that the terms of imprisonment imposed on both of the convictions of assault in the first degree are to run concurrently with each other and with the term of imprisonment imposed upon the conviction of attempted murder in the second degree; as so modified, the judgment is affirmed.

On January 9, 2010, the then-15-year-old defendant stabbed the then-12-year-old victim approximately 20 times with a knife, in apparent retaliation for the victim's act of "snitching" to his own mother that the defendant and codefendant used marijuana. In the course of the attack, an "X" was engraved onto the victim's face.

On appeal, the defendant contends that the Supreme Court erred in imposing consecutive terms of imprisonment on his two convictions of assault in the first degree. Despite the People's contention to the contrary, the defendant sufficiently preserved his instant claim regarding the propriety of his sentence. In any event, "a challenge to an unlawful sentence

falls outside the preservation rule" (*People v Samms*, 95 NY2d 52, 56 [2000]; *see People v Santiago*, 22 NY3d 900, 903 [2013]). We agree with the defendant's contention. Pursuant to Penal Law § 70.25 (2), concurrent sentences must be imposed "for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other." " 'Thus, sentences [of imprisonment] imposed for two or more offenses may not run consecutively: (1) where a single act constitutes two offenses, or (2) where a single act constitutes one of the offenses and a material element of the other' " (*People v Grant*, 123 AD3d 942, 943-944 [2014], quoting *People v Laureano*, 87 NY2d 640, 643 [1996]). Nonetheless, " 'trial courts retain consecutive sentence discretion when separate offenses are committed through separate acts, though they are part of a single transaction' " (*People v Grant*, 123 AD3d at 944, quoting *People v Brown*, 80 NY2d 361, 364 [1992]; *see People v Azaz*, 10 NY3d 873, 875 [2008]).

Here, the People have failed to establish that the acts constituting the respective assault in the first degree convictions were separate and distinct from each other as required by the statute (*see People v Laureano*, 87 NY2d at 644-645; *People v Brown*, 80 NY2d at 364; *People v Grant*, 123 AD3d at 944). It is impossible to determine from the record whether the slashing of an "X" into the victim's face, which formed the basis for the assault in the first degree "intent to disfigure another person seriously and permanently" conviction (Penal Law § 120.10 [2]), also formed the basis for the jury's verdict of guilt on the assault in the first degree "intent to cause serious physical injury" conviction (Penal Law § 120.10 [1]; *see People v Alford*, 14 NY3d 846 [2010]; *People v Parks*, 95 NY2d 811 [2000]; *People v Grant*, 123 AD3d at 944; *cf. People v Frederick*, 14 NY3d 913 [2010]; *People v Rodriguez*, 79 AD3d 644 [2010]). Thus, the People failed to establish that the acts constituting each of the two assault in the first degree convictions were separate and distinct from each other. Accordingly, we modify the judgment to provide that the terms of imprisonment on the assault in the first degree convictions are to run concurrently with each other and with the term imposed on the conviction of attempted murder in the second degree. Eng, P.J., Austin, Hinds-Radix and LaSalle, JJ., concur.