■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANTE NEWMAN, Appellant. [57 NYS3d 412]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Del Giudice, J.), rendered July 21, 2015, convicting him of assault in the first degree and attempted robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant acted with intent to cause serious physical injury (*see* Penal Law § 120.10 [1]; *People v France*, 120 AD3d 1357 [2014]). The defendant's contention that the evidence was legally insufficient to support the convictions because the testimony of his accomplice was not sufficiently corroborated is unpreserved for appellate review (*see People v Echols*, 144 AD3d 702 [2016]; *People v Weaver*, 118 AD3d 1270 [2014]; *People v Rivera*, 74 AD3d 993 [2010]). In any event, viewing the evidence in the light most favorable to the prosecution, we find that the accomplice's testimony was sufficiently corroborated (*see* CPL 60.22 [1]; *People v Reome*, 15 NY3d 188 [2010]; *People v Echols*, 144 AD3d 702 [2016]; *People v Paige*, 134 AD3d 1048 [2015]). Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Certain remarks made by the sentencing court demonstrate that it improperly considered a crime of which the defendant was acquitted as a basis for sentencing. Accordingly, the matter must be remitted to the Supreme Court, Kings County, for resentencing (*see People v Brown*, 113 AD3d 785 [2014]; *People v Flowers*, 97 AD3d 693 [2012]; *People v Grant*, 94 AD3d 1139 [2012]). Further, since the People failed to establish that the acts underlying the conviction of assault in the first degree were separate and distinct from the acts underlying the conviction of attempted robbery in the first degree, the sentences imposed on remittal are to run concurrently (*see People v Henderson*, 148 AD3d 929 [2017]; *People v Kaye*, 137 AD3d 938

[2016]; *People v Grant*, 94 AD3d 1139 [2012]; *cf. People v Brahney*, 29 NY3d 10 [2017]).

The defendant's remaining contentions either are without merit or do not require a new trial. Dillon, J.P., Austin, Hinds-Radix and LaSalle, JJ., concur.