People v Anderson (2018 NY Slip Op 03694)





People v Anderson


2018 NY Slip Op 03694


Decided on May 23, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
SANDRA L. SGROI, JJ.


2015-10499
 (Ind. No. 14-00870)

[*1]The People of the State of New York, respondent, 
v
Omar Anderson, appellant.


Richard L. Herzfeld, New York, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Brian R. Pouliot and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Barry E. Warhit, J.), rendered October 15, 2015, convicting him of attempted assault in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged with various crimes after he hit the complainant in the head with a baseball bat. After a jury trial, the defendant was convicted of attempted assault in the first degree and assault in the second degree.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of attempted assault in the first degree. Specifically, and contrary to the defendant's contention, the evidence was legally sufficient to establish that the defendant intended to cause serious physical injury (see Penal Law §§ 10.00[10]; 110.00, 120.10[1], People v Bracey, 41 NY2d 296, 301; People v Newman, 153 AD3d 639, 639; People v Ekwegbalu, 131 AD3d 982, 984; People v Hildenbrandt, 125 AD2d 819, 820). Next, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilty on the count of attempted assault in the first degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant contends that the charge of assault in the second degree (Penal Law § 120.05[2]) should have been deemed dismissed as an inclusory concurrent count when the jury convicted him of attempted assault in the first degree (Penal Law §§ 110.00, 120.10[1]). That contention is without merit. Since it is possible to commit attempted assault in the first degree without committing assault in the second degree, assault in the second degree is not an inclusory concurrent count of attempted assault in the first degree (see CPL 300.30[3]; 300.40[3][b]; People v Leon, 7 NY3d 109, 112; People v Abrew, 95 NY2d 806, 808-809).
Viewing the record as a whole, we find that the defendant was provided with meaningful representation (see People v Benevento, 91 NY2d 708, 712; People v Baldi, 54 NY2d 137, 147).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BALKIN, J.P., AUSTIN, ROMAN and SGROI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court