People v Mosquera (2020 NY Slip Op 01646)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

People v Mosquera

2020 NY Slip Op 01646

Decided on March 11, 2020

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
VALERIE BRATHWAITE NELSON, JJ.


2017-03427
(Ind. No. 2467/14)

[*1]The People of the State of New York, respondent,
vChristian Mosquera, appellant.

Paul Skip Laisure, New York, NY (Melissa S. Horlick of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Merri Turk Lasky of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kenneth C. Holder, J.), rendered November 7, 2016, convicting him of attempted murder in the second degree, attempted assault in the first degree (two counts), criminal possession of a weapon in the second degree (two counts), and criminal possession of a weapon in the third degree, upon a jury verdict, and sentencing him, inter alia, to determinate terms of imprisonment of 20 years on the conviction of attempted murder in the second degree, 15 years on each of the convictions of attempted assault in the first degree under counts four and six of the indictment, 15 years on each of the convictions of criminal possession of a weapon in the second degree, and 6 years on the conviction of criminal possession of a weapon in the third degree, with the sentences on the convictions of attempted murder in the second degree and attempted assault in the first degree under count four of the indictment to run consecutively to each other, and the remaining sentences to run concurrently.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, (1) by reducing the term of imprisonment imposed on the conviction of attempted murder in the second degree from a determinate term of imprisonment of 20 years to a determinate term of imprisonment of 10 years, (2) by reducing the term of imprisonment imposed upon each conviction of attempted assault in the first degree from a determinate term of imprisonment of 15 years to a determinate term of imprisonment of 10 years, and (3) by reducing the term of imprisonment imposed upon each conviction of criminal possession of a weapon in the second degree from a determinate term of imprisonment of 15 years to a determinate term of imprisonment of 10 years; as so modified, the judgment is affirmed, with the terms of imprisonment to run consecutively and concurrently as directed by the Supreme Court.
The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of attempted assault in the first degree under count four of the indictment beyond a reasonable doubt. Contrary to the defendant's contention, the evidence was legally sufficient to establish that he intended to cause serious physical injury (see Penal Law §§ 10.00[10]; 110.00, 120.10[1]; People v Bracey, 41 NY2d 296, 301; People [*2]v Anderson, 161 AD3d 1097, 1098; People v Newman, 153 AD3d 639). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt on the count of attempted assault in the first degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel under the New York Constitution since, viewing defense counsel's performance in totality, counsel provided meaningful representation (see People v Benevento, 91 NY2d 708; People v Baldi, 54 NY2d 137). Further, the defendant was not deprived of the effective assistance of counsel under the United States Constitution (see Strickland v Washington, 466 US 668).
The sentence imposed was excessive to the extent indicated herein (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., CHAMBERS, ROMAN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court