People v Torres (2025 NY Slip Op 00886)

People v Torres

2025 NY Slip Op 00886

Decided on February 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
WILLIAM G. FORD
CARL J. LANDICINO
DONNA-MARIE E. GOLIA, JJ.

2022-10058
 (Ind. No. 70257/19)

[*1]The People of the State of New York, respondent,
v
Brandon Torres, appellant.

Steven N. Feinman, White Plains, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (David L. Glovin and Jason R. Richards of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Helene F. Gugerty, J.), rendered October 28, 2022, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the Supreme Court improperly relied upon crimes of which he was not convicted as a basis for imposing the sentence is unpreserved for appellate review, as he failed to object during sentencing (see CPL 470.05[2]; People v Palmer, 169 AD3d 933, 934). In any event, the court stated during sentencing that the jury convicted the defendant only of robbery in the second degree, and that it was the court's responsibility to impose an appropriate sentence consistent with the jury's verdict. Accordingly, the record does not establish that the court considered crimes of which the defendant was not convicted as a basis for its sentence (see People v Montgomery, 124 AD2d 602, 602; cf. People v Newman, 153 AD3d 639, 639; People v Brown, 113 AD3d 785, 786).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., FORD, LANDICINO and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court