OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed. In this case, the Appellate Division ruled that the trial court “erred in imposing consecutive sentences for the defendant’s convictions of sodomy in the first degree and criminal use of a firearm in the first degree since both convictions arose out of a single incident” (258 AD2d 668, 669). Its order modified the judgment by “deleting the provision thereof imposing consecutive indeterminate terms of imprisonment and substituting therefor a provision that all of the sentences shall run concurrently to one another”
 
 (id.).
 

 
 *829
 
 The sole issue raised in the People’s appeal is whether, under CPL 470.20, the Appellate Division’s only available corrective action on the illegal sentence was to remit for resentencing by the trial court. To the contrary, an intermediate appellate court, in exercising its responsibility under CPL 470.20 to take “such corrective action as is necessary and appropriate,” has the discretion, upon reversing or modifying a sentence, either to remit to the trial court for resentencing or to substitute its own legal sentence for the illegally imposed sentence. The Appellate Division did not abuse its discretion by choosing the latter option.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick, Wesley and Rosenblatt concur.
 

 Order affirmed in a memorandum.