(February 21, 2002)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BYRON B. COLEMAN, Appellant. [737 NYS2d 563] —Cardona, P.J. Appeal from a judgment of the County Court of Columbia County (Czajka, J.), rendered November 4, 1998, convicting defendant upon his plea of guilty of the crimes of burglary in the second degree, petit larceny and criminal mischief in the fourth degree.

In our previous review of this matter (278 AD2d 523), we relieved defendant's counsel after finding, contrary to his assertions, the existence of a nonfrivolous appealable issue and appointed new counsel "to address any and all appealable issues" (id. at 524).

In June 1998, a Columbia County Grand Jury charged defendant in a four-count indictment with burglary in the second degree, petit larceny, criminal mischief in the fourth degree and criminal possession of stolen property in the fifth degree.

Following negotiations, defendant pleaded guilty to the first three counts and County Court noted that the fourth count of the indictment, criminal possession of stolen property in the fifth degree, would be "merge[d]." However, County Court sentenced defendant to a determinate term of 7½ years in prison on the burglary charge, as well as a "concurrent period of incarceration under Counts 2, 3, and 4; Petit [L]arceny, Criminal Mischief in the Fourth Degree and Criminal Possession of Stolen Property in the Fifth Degree, all class A misdemeanors, of one year concurrent with that to be served under Count 1." As the People correctly concede, County Court inadvertently sentenced defendant on the fourth count in the absence of a conviction. We, therefore, vacate the illegal sentence imposed on that count (see, CPL 470.20; People v La-Salle, 95 NY2d 827, 829).

Upon this record and the totality of the circumstances, we find no merit to defendant's contention that he was denied the effective assistance of counsel.

Mercure, Peters, Carpinello and Rose, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed on count 4 of the indictment charging criminal possession of stolen property in the fifth degree, and, as so modified, affirmed.