[967 NE2d 661, 944 NYS2d 438]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SERGIO RODRIGUEZ, Appellant.

Argued February 8, 2012; decided March 22, 2012

**POINTS OF COUNSEL**

*Center for Appellate Litigation*, New York City (*Susan H. Salomon* and *Robert S. Dean* of counsel), for appellant. I. The prosecutor, in summation, violated the unsworn-witness rule by citing and characterizing, as spontaneous and reliable, the complainant's identification of appellant, allegedly made as the complainant had entered the courtroom, not from the witness stand, and counsel, in this highly contested identification case, rendered ineffective assistance by failing to protest the prosecutor's remarks. (*People v Benevento*, 91 NY2d 708; *People v Baldi*, 54 NY2d 137; *Strickland v Washington*, 466 US 668; *People v Turner*, 5 NY3d 476; *People v Baker*, 14 NY3d 266; *People v Ashwal*, 39 NY2d 105; *People v Paperno*, 54 NY2d 294; *People v Moye*, 52 AD3d 1, 12 NY3d 743; *People v Smith*, 173 AD2d 416; *People v Carter*, 37 NY2d 234.) II. Insofar as the Appellate Division's corrective action ordered appellant resentenced so that his lawfully imposed concurrent sentences may be "restructured" to run consecutively, it would violate CPL 430.10 and Penal Law § 70.25 (2) and § 70.30 (1) (a), as well as double jeopardy and due process. (*People v Richardson*, 100 NY2d 847; *People v Adkinson*, 88 NY2d 561; *People v Yannicelli*, 40 NY2d 598; *People v Carpenter*, 19 AD3d 730; *People v Romain*, 288 AD2d 242; *People v Williams*, 87 NY2d 1014; *People v DeValle*, 94 NY2d 870; *People v Laureano*, 87 NY2d 640; *People v Farrar*, 52 NY2d 302; *Matter of Roballo v Smith*, 63 NY2d 485.)

*Cyrus R. Vance, Jr., District Attorney*, New York City (*Eleanor J. Ostrow* and *Hilary Hassler* of counsel), for respondent. I. Defendant's claim that his trial attorney's representation was ineffective is not properly raised on direct appeal. In any event, that claim, which is based solely on the attorney's failure to object to two of the prosecutor's summation remarks, is meritless. (*People v Rivera*, 71 NY2d 705; *People v Love*, 57 NY2d 998; *People v Jones*, 55 NY2d 771; *Lockhart v Fretwell*, 506 US 364; *Strickland v Washington*, 466 US 668; *Mickens v Taylor*, 535 US 162; *People v Benevento*, 91 NY2d 708; *People v Satterfield*, 66 NY2d 796; *People v Baldi*, 54 NY2d 137; *People v Henry*, 95 NY2d 563.) II. Although the sentencing court's imposition of consecutive sentences for attempted murder and assault was unlawful, the court could have imposed consecutive sentences for either of those counts and one of the robbery counts to arrive at the same aggregate sentence originally imposed. Thus, the case should be remanded to the trial court for resentencing. (*People v Young*, 94 NY2d 171; *People v Day*, 73 NY2d 208; *Bozza v United States*, 330 US 160; *People v McKnight*, 16 NY3d 43; *People v Rosas*, 8 NY3d 493; *Matter of Licitra v Coughlin*, 61 NY2d 450; *Matter of Fludd v Goldberg*, 51 AD3d 153; *People v Rodney E.*, 77 NY2d 672; *People v Richardson*, 100 NY2d 847; *People v Adkinson*, 88 NY2d 561.)

### OPINION OF THE COURT

PIGOTT, J.

The issue on this appeal is whether CPL 430.10 precludes the Appellate Division from remitting a case for resentencing after concluding that the trial court imposed unlawful consecutive sentences on two of the counts. We conclude that it does not.

In the present case involving a particularly vicious attack, defendant was convicted of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), assault in the first degree (Penal Law § 120.10 [1]), two counts of robbery in the first degree (Penal Law § 160.15 [1], [4]) and robbery in the second degree (Penal Law § 160.10 [1]). The trial court, noting defendant's prior history of violence, imposed an aggregate sentence of 40 years, but, in the process of doing so, unlawfully imposed consecutive sentences on the counts of attempted second-degree murder (determinate term of 25 years) and first-degree assault (determinate term of 15 years). The trial court imposed concurrent sentences on the robbery counts.

On appeal, the People conceded the illegality of the consecutive sentences. The Appellate Division modified the judgment

by directing that the attempted murder and assault convictions run concurrently and remanded the matter to the trial court for resentencing (79 AD3d 644 [1st Dept 2010]). In so doing, the Appellate Division observed that "the People seek resentencing only to realign which sentences are to run consecutively, not to disturb any of the individual sentences" (*id.* at 646), the intent presumably being to give the trial court the opportunity, should it elect to do so, to make certain of the remaining counts run consecutively to the required concurrent sentences.

Defendant argues before this Court that the Appellate Division's remand order violates the dictates of CPL 430.10. That provision states that, "[e]xcept as otherwise specifically authorized by law, when the court has imposed a sentence of imprisonment and such sentence is in accordance with law, such sentence may not be changed, suspended or interrupted once the term or period of the sentence has commenced" (emphasis supplied). According to defendant, once the Appellate Division concluded that the imposition of the consecutive counts was illegal, its only authority was to make the two counts concurrent; it had no authority to remand the matter to the trial court.

While it is premature for us to take a position on whether the trial court may sentence defendant other than to make all sentences run concurrently, it is clear that CPL 430.10 does not preclude the Appellate Division remitting for resentence. That section, derived from prior amendments to former Code of Criminal Procedure § 470-a and former Penal Law § 2188 prohibiting *trial* courts from changing a lawfully-imposed sentence once the term had commenced, does not prohibit sentences from being either changed or modified as the result of a postjudgment motion or the appellate process (*see* Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 430.10 [referencing CPL 470.20]).

CPL 430.10's language "[e]xcept as otherwise specifically authorized by law" limits its reach, particularly in light of the broad authority CPL 470.20 grants intermediate appellate courts to take corrective action upon a modification of a sentence. CPL 470.20 states, in pertinent part, that

"[u]pon reversing or modifying a judgment, sentence or order of a criminal court, an intermediate appellate court *must take or direct* such corrective action as is necessary and appropriate *both to rectify any injustice to the appellant resulting from the error or*

*defect which is the subject of reversal or modification and to protect the rights of the respondent.* The particular corrective action to be taken or directed is governed *in part* by the following rules" (CPL 470.20 [emphasis supplied]).

CPL 470.20, in a proper case, authorizes the appellate court to "either reduce the total sentence . . . or remit the case to the criminal court for re-sentence" (CPL 470.20 [3] [modification of judgment after trial on the ground of legal insufficiency]), or to "remit the case to the criminal court with a direction that the [criminal court] sentence the defendant accordingly" (CPL 470.20 [4] [upon modification of judgment reducing a conviction to one for a lesser included offense]). Indeed, in *People v La-Salle* (95 NY2d 827, 829 [2000]), we concluded that under its authority found in CPL 470.20, an intermediate appellate court may, "upon reversing or modifying a sentence, either . . . remit to the trial court for resentencing or . . . substitute its own legal sentence for the illegally imposed sentence." This discretion lies with the appellate court.

Defendant misreads *People v Yannicelli* (40 NY2d 598 [1976]) as holding that CPL 430.10 limits the power of appellate courts. We held in *Yannicelli* that the sentencing court's imposition, on remand, of an additional term of imprisonment was not "consistent with our prior determination," in which we had affirmed an Appellate Division order remanding the case (*id.* at 599). We concluded that the previous remand had authorized resentencing only to correct the defect we had found in the earlier sentence. The sentencing court, in going beyond that authorization, had done what it was prohibited from doing by CPL 430.10—changing a lawful sentence after the term of the sentence had commenced. *Yannicelli* did not hold that section 430.10 would bar an appellate court from directing resentencing on all counts where the sentence on fewer than all of the counts was flawed.

The Appellate Division, having found that the trial court imposed an illegal sentence, possessed the authority to remit the matter to the trial court for resentencing. By choosing to remit this matter to Supreme Court, the Appellate Division left the determination of the proper resentence to the discretion of Supreme Court.

The dissent misconstrues our holding as going beyond the narrow issue of whether CPL 410.30 precludes the Appellate Division from remitting a case for resentencing in these circumstances

(dissenting op at 672, 673). Since Supreme Court has not yet acted, it would be premature for us to address whether Penal Law § 70.25 (2) permits any of the remaining counts to run consecutively to the counts for which the Appellate Division determined that concurrent sentencing was required. If it is inclined to impose consecutive sentences, Supreme Court must resolve that issue and resentence defendant in the manner it deems appropriate at which juncture the legality of the actual sentence imposed will be ripe for judicial review.

We have considered defendant's remaining claim of ineffective assistance of counsel and conclude that it is without merit because, viewing the record as a whole, defendant received meaningful representation (*see People v Baldi*, 54 NY2d 137 [1981]).

Accordingly, the order of the Appellate Division should be affirmed.

Chief Judge LIPPMAN (dissenting in part). Once the Appellate Division directed that the sentences for defendant's attempted murder and assault convictions were to be served concurrently instead of consecutively (79 AD3d 644 [2010]), the defect in defendant's sentence was corrected. CPL 430.10 precludes any additional restructuring of defendant's now-lawful sentence and the Appellate Division's remittal for the purpose of increasing the severity of the aggregate sentence was erroneous.

Each count for which defendant stands convicted carries its own sentence and the concurrent or consecutive nature of each term of imprisonment is an integral part of that sentence (*see e.g.* Penal Law § 70.25 [1] ["when multiple sentences of imprisonment are imposed on a person at the same time . . . the sentence or sentences imposed by the court shall run either concurrently or consecutively with respect to each other and the undischarged term or terms in such manner as the court directs at the time of sentence"]). Thus, defendant's aggregate sentence is not greater than the sum of its component parts, entitled to some sort of enhanced legal protection; when the flaws in defendant's individual sentences were cured, there was no basis for a plenary resentencing proceeding.

CPL 430.10 provides that "[e]xcept as otherwise specifically authorized by law, when the court has imposed a sentence of imprisonment and such sentence is in accordance with law, such sentence may not be changed, suspended or interrupted once the term or period of the sentence has commenced." This case

does not present the type of error that Supreme Court possesses the inherent authority to correct (*see e.g. People v Richardson*, 100 NY2d 847, 850-851 [2003]).* The majority, however, emphasizes the prefatory phrase of CPL 430.10, "[e]xcept as otherwise specifically authorized by law," and finds that CPL 470.20—the statute addressing the proper corrective action to be taken by the Appellate Division—supplies such authorization.

The generic language of CPL 470.20, in favor of crafting a fair and appropriate remedy, cannot be read to "specifically authorize[ ]" the Supreme Court, upon direction of the Appellate Division, to restructure a lawful sentence. Moreover, the majority is unclear as to the nature of the People's "right" it purports to protect by this interpretation of the statute. Certainly, there is no right to a 40-year aggregate term. The sentence, as amended by the Appellate Division, might not have been the sentence Supreme Court tried to impose, but it is a lawful sentence and is not the appropriate subject of additional proceedings.

Although *People v Yannicelli* (40 NY2d 598, 601 [1976]) may be procedurally distinguishable, it remains that there, as here, "the sentences were invalid in only one respect." And, more importantly, as in *Yannicelli*, "[t]he defect . . . did not infect all of the sentences" (40 NY2d at 602). The only problem with defendant's sentence was the consecutive relationship between two offenses that were not committed through separate acts. Defendant's sentences did not suffer from any additional defect. As a result, CPL 430.10 specifically precludes their further alteration by Supreme Court, and the Appellate Division's remand to effectuate that resentencing constitutes unlawful corrective action (*see* CPL 470.10 [3]; 470.35 [2] [c]).

Notably, we recently exhibited our refusal to remit for plenary resentencing to correct a discrete error in *People v Lingle* (16 NY3d 621 [2011]). In that case, we recognized that neither the Appellate Division nor Supreme Court had the authority to reexamine the entirety of a defendant's sentence once the particular legal error—there the mistake in failing to pronounce a term of postrelease supervision—had been corrected (*see Lingle*, 16 NY3d at 634-635). Similarly, here, the Appellate Division's

---

* Although it is well settled that courts have the authority to correct mistakes or clerical errors, "a court cannot, in the guise of correcting an error, change or amend a sentence which is not defective. Indeed[,] . . . that is expressly prohibited by CPL 430.10" (*People v Minaya*, 54 NY2d 360, 364 [1981] [citation omitted]).

correction of the illegality precludes any additional modification of defendant's now-lawful sentence.

*People v LaSalle* (95 NY2d 827 [2000]), cited by the majority, actually highlights the problem presented here. There, defendant was improperly sentenced to consecutive terms of imprisonment for offenses that arose from a single incident. The Appellate Division modified defendant's sentence to correct the error by directing that the sentences were to run concurrently (*see LaSalle*, 95 NY2d at 828). When the People appealed, arguing that the only corrective action available to the Appellate Division was remittal to the trial court for resentencing, we observed that CPL 470.20 allowed the Appellate Division to choose either to remit or to impose its own legal sentence (*see LaSalle*, 95 NY2d at 829). Here, by contrast, the Appellate Division order seeks *both* to correct the illegality in defendant's sentence and to remit to the trial court for further resentencing. This is not permitted.

Therefore, I would modify the Appellate Division order by striking the remittal to Supreme Court for resentencing.

Judges GRAFFEO, READ and SMITH concur with Judge PIGOTT; Chief Judge LIPPMAN dissents in part and votes to modify in a separate opinion in which Judges CIPARICK and JONES concur.

Order affirmed.