# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**745**

**KA 12-02277**

PRESENT: SMITH, J.P., CENTRA, CARNI, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

TAJAUN PAUL, DEFENDANT-APPELLANT.

---

LINDA M. CAMPBELL, SYRACUSE, FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a resentence of the Onondaga County Court (Joseph E. Fahey, J.), rendered November 3, 2011.  Defendant was resentenced upon his conviction of murder in the second degree (two counts), assault in the first degree, robbery in the first degree (eight counts), burglary in the second degree (two counts), criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

It is hereby ORDERED that the resentence so appealed from is unanimously modified on the law by directing that the sentence imposed on the count of criminal possession of a weapon in the second degree shall run concurrently with the sentences imposed on counts 10 through 13 of the indictment, as renumbered by County Court, and as modified the resentence is affirmed.

Memorandum:  On appeal from a resentence that imposed various periods of postrelease supervision, defendant contends that County Court failed to comply with the prior order of this Court entered on defendant's appeal from the underlying judgment of conviction (*People v Paul*, 298 AD2d 849, *lv denied* 99 NY2d 562).  We agree.  Defendant was convicted upon a jury verdict of crimes arising from two separate robberies, and the court sentenced him to concurrent and consecutive terms of imprisonment.  On defendant's prior appeal, this Court concluded that the sentence imposed on the count of criminal possession of a weapon in the second degree was illegal to the extent that it was directed to run consecutively to the sentences imposed on counts 10 through 13 of the indictment, as renumbered by the court, for robbery in the first degree, and we modified the judgment accordingly (*id.* at 850).  Following the appeal, the court was alerted to its failure at sentencing to impose periods of postrelease supervision (*see* Correction Law § 601-d), as required by Penal Law § 70.45 (1).  Upon resentencing, the court added the requisite periods of postrelease supervision, but erroneously imposed the same

concurrent and consecutive terms of imprisonment imposed in the original sentence. Contrary to defendant's contention, this Court has the authority to correct the resentence to the extent that it is illegal (*see People v Rodriguez*, 18 NY3d 667, 671; *People v LaSalle*, 95 NY2d 827, 829), and we therefore modify the resentence accordingly.

Entered:  June 20, 2014                              Frances E. Cafarell
                                                    Clerk of the Court