================================================================
This opinion is uncorrected and subject to revision before
publication in the New York Reports.
----------------------------------------------------------------
No. 55
The People &c.,
          Respondent,
        v.
Sergio Rodriguez,
          Appellant.



          Susan H. Salomon, for appellant.
          Eleanor J. Ostrow, for respondent.



STEIN, J.:

          On defendant Sergio Rodriguez's prior appeal, we held

that CPL 470.20 authorized the Appellate Division to remit the

matter to the sentencing court for consideration of whether one

of defendant's robbery sentences should be modified to run

consecutively in light of the appellate court's correction of the

- 1 -

unlawful imposition of consecutive sentences with respect to his assault and attempted murder convictions (see People v Rodriguez, 18 NY3d 667, 669-671 [2012]). Therefore, on this appeal, we are constrained to hold that the sentencing court acted within its discretion -- derived from that remittal -- when it modified defendant's sentence in accordance with the Appellate Division's directive. We further conclude that the sentencing court's imposition of consecutive sentences for defendant's convictions of first-degree assault and first-degree robbery comports with Penal Law § 70.25 (2). We, therefore, affirm.

I.

One evening in May 2007, defendant and two other men stopped the victim on a street in Manhattan. Defendant gestured with a gun and demanded that the victim hand over a gold chain that he was wearing around his neck. As the victim attempted to comply by lifting the chain, defendant shot him in the knee. Despite the victim's continued efforts to remove his chain, defendant shot him twice more -- once in the torso and, as the victim fell, again in his back. One of defendant's accomplices then removed the necklace and the victim's cell phone from his person. The victim survived, but sustained life-threatening injuries requiring extensive rehabilitation and causing lasting disability.

Following a jury trial, defendant was convicted of attempted murder in the second degree (Penal Law §§ 110.00,

125.25 [1]), assault in the first degree (Penal Law § 120.10 [1]), two counts of robbery in the first degree (Penal Law § 160.15 [1], [4]), and robbery in the second degree (Penal Law § 160.10 [1]). Commenting on the gratuitously violent nature of the crime and defendant's prior criminal history, the court sentenced him, as a second violent felony offender, to determinate terms of: 25 years on the attempted murder count; 15 years on the first-degree assault count; 25 years for each count of first-degree robbery; and 15 years for the sole count of robbery in the second degree. The sentencing court directed that the assault sentence run consecutively to the attempted murder sentence, and that the remaining sentences run concurrently, resulting in an aggregate term of 40 years' imprisonment, followed by five years of postrelease supervision.

Upon defendant's appeal, the People conceded that the imposition of consecutive sentences for defendant's assault and attempted murder convictions violated Penal Law § 70.25 (2) (see People v Laureano, 87 NY2d 640, 643 [1996]). The Appellate Division therefore modified the judgment by directing that those sentences be served concurrently, resulting in an aggregate term of 25 years in prison (People v Rodriquez, 79 AD3d 644, 644 [1st Dept 2010], affd 18 NY3s 669 [2012]). Additionally, the Appellate Division remanded the matter for resentencing to allow the court to "restructure the sentences to arrive lawfully at the aggregate sentence which it clearly intended to impose upon

defendant" (id. at 645).

Defendant appealed to this Court, arguing that the Appellate Division's remittal violated CPL 430.10, which prohibits a sentencing court from modifying a lawful sentence once it has commenced.  Defendant also contended that the remaining counts must run concurrently pursuant to Penal Law § 70.25 (2).  Although we determined that it would be premature, at that juncture, to address the propriety of running the individual counts consecutively, this Court held that the Appellate Division's remittal did not violate CPL 430.10 because the corrective action taken by the Appellate Division fell within that court's authority as embodied in CPL 470.20 (see Rodriquez, 18 NY3d at 669-671).  Thus, we affirmed the Appellate Division order.

At resentencing, defendant maintained that CPL 430.10 prohibited the court from realigning his sentences and that Penal Law § 70.25 (2) required the imposition of concurrent sentences for each count.  Defendant also proffered evidence of his good behavior and progress while incarcerated in support of his argument that, even if consecutive sentencing was permissible, mitigation of his previously-imposed 40-year aggregate term of imprisonment was appropriate.

The sentencing court rejected defendant's argument that CPL 430.10 was a legal impediment to the modification of his sentences.  Further, although the court acknowledged defendant's

positive efforts while incarcerated, it concluded that consecutive sentences were warranted due to the severity of the victim's injuries and the heinous nature of defendant's crimes. Thus, the court modified defendant's sentences by running his sentence for first-degree assault (based on causing serious physical injury with a deadly weapon) consecutively to his sentence for first-degree robbery involving the display of a firearm. Consequently, after resentencing, the aggregate term of defendant's sentences was, again, 40 years, plus five years of postrelease supervision.

The Appellate Division affirmed (112 AD3d 488 [1st Dept 2013]), and a Judge of this Court granted defendant leave to appeal (22 NY3d 1202 [2014]).

II.

Defendant erroneously claims that we limited our prior decision in this case to the narrow issue of whether the Appellate Division's remittal was barred by CPL 430.10, thereby leaving open the question of whether, upon that remittal, CPL 430.10 prohibited the sentencing court from modifying defendant's sentences. To the contrary, the clear import of our holding that CPL 470.20 provided the Appellate Division with the discretion to direct realignment of defendant's legally imposed sentences was that, by extension, the sentencing court was authorized to take such corrective action because it was specifically empowered to

do so by the Appellate Division (see Rodriquez, 18 NY3d at 670).[1]
We are bound by that holding (see generally People v Peque, 22
NY3d 168, 194 [2013], cert denied sub nom. Thomas v New York, ___
US ___, 135 S Ct 90 [2014]; People v Taylor, 9 NY3d 129, 148
[2007]).  Accordingly, the sentencing court's realignment of
defendant's sentences did not violate CPL 430.10.

        Defendant also argues that the imposition of
consecutive sentences on his assault and robbery convictions was
unlawful because the crimes were comprised of a single act.
Penal Law § 70.25 (2) mandates that concurrent sentences be
imposed for "two or more offenses committed through a single act
or omission, or through an act or omission which in itself
constituted one of the offenses and also was a material element
of the other."  We have held that, "[t]o determine whether
consecutive sentences are permitted, a court must first look to
the statutory definitions of the crimes at issue" to discern
whether the actus reus elements overlap (People v Battles, 16
NY3d 54, 58 [2010], cert denied ___ US ___, 132 S Ct 123 [2011];

_____

    [1]  Indeed, the dissenters to our prior decision also
interpreted our holding as deciding this issue, contending that
the majority opinion erroneously held that CPL 470.20 "supplies
. . . authorization" to trial and sentencing courts for
modification of a sentence that CPL 430.10 does not otherwise
provide (18 NY3d 667, 673 [2012] [Lippman, Ch. J., dissenting]).
Contrary to the dissent's assertion herein, our previous
statement that it was "premature" for us to determine whether any
of the sentences could be run consecutively referred only to
whether the imposition of such sentences would violate Penal Law
§ 70.25 (2), as we expressly stated later in that opinion (18
NY3d at 671-672).

see People v Frazier, 16 NY3d 36, 40 [2010]; Laureano, 87 NY2d at
643).  Even where the crimes have an actus reus element in
common, "the People may yet establish the legality of consecutive
sentencing by showing that the 'acts or omissions' committed by
defendant were separate and distinct acts" (Laureano, 87 NY2d at
643; see People v McKnight, 16 NY3d 43, 48 [2010]; People v
Ramirez, 89 NY2d 444, 451 [1996]).  Conversely, where "the actus
reus is a single inseparable act that violates more than one
statute, [a] single punishment must be imposed" (Frazier, 16 NY3d
at 41 [internal quotation marks and citations omitted] [emphasis
omitted]).  The People bear the burden of establishing the
legality of consecutive sentencing by "identifying the facts
which support their view" that the crimes were committed by
separate acts (Laureano, 87 NY2d at 644; see McKnight, 16 NY3d at
51).

        Even if, as defendant contends, the statutory elements
of his robbery and assault convictions overlap, the People have
demonstrated in this case that the assault count and the robbery
count at issue were committed by separate and distinct acts.
According to the victim's trial testimony, defendant gestured
with the firearm and demanded that the victim relinquish his
chain.  The victim was acquiescing when, in an action completely
unrelated to any use of force necessary to overcome resistance or
compel compliance in order to effectuate the robbery, defendant
repeatedly shot the victim.

Although defendant is indeed correct that the assault occurred before the robbery was completed, courts retain discretion to impose consecutive sentences "'when separate offenses are committed through separate acts, though they are part of a single transaction'" (People v Azaz, 10 NY3d 873, 875 [2008], quoting People v Brown, 80 NY2d 361, 364 [1992]).  The robbery was comprised of defendant's acts of motioning with the firearm and demanding the chain, together with his accomplice's taking of the victim's property (see Penal Law §§ 160.00, 160.15 [4]).  In contrast, the act of assault occurred when defendant shot the victim with the requisite intent (see Penal Law § 120.10 [1]).  On this record, the mere fact that the shooting interrupted, rather than succeeded, the theft does not render indivisible these separable acts (see Ramirez, 89 NY2d at 454).  That is, because the "entire tenor of the robbery . . . was distinct from the life-threatening assault[,] . . . the violent and repeated shooting of [the victim] was a separate and distinct act" from the forcible theft of his property (id.; see also People v Tanner, 30 NY2d 102, 108 [1972]).  Moreover, since the jury need not have concluded under the instructions given that the assault occurred in furtherance of the robbery, as compared to merely during the course thereof, we reject defendant's claim that the robbery and assault were necessarily a single act because he was also charged with and convicted of robbery under Penal Law § 160.15 (1) (compare People v Parks, 95 NY2d 811, 815

[2000]).

Defendant's remaining contention is unpreserved.

***

Accordingly, the order of the Appellate Division should be affirmed.

People v Rodriguez (Sergio)

No. 55

LIPPMAN, Chief Judge (dissenting):

When this case was previously before us, the Court characterized its own holding as being limited to "the narrow issue" of whether the Appellate Division was precluded by CPL 430.10 from remitting a matter to Supreme Court for resentencing in the circumstances presented (see 18 NY3d 667, 671 [2012]). The Court stated that it would be premature to address whether Supreme Court, upon remittal, could impose anything other than concurrent sentences (see 18 NY3d at 670). What the opinion did not rule upon explicitly is whether Supreme Court had the authority to reconfigure defendant's sentence.

Perhaps because that authorization was not granted, the majority determines that the "clear import" of the prior holding was that Supreme Court had such authority by virtue of the Appellate Division's remittal under CPL 470.20. But the Court left for another day -- today, after Supreme Court actually exercised that power -- the legality of the sentence imposed by Supreme Court.

I believe that Supreme Court lacked the authority to restructure defendant's sentence under CPL 430.10. The flaw in defendant's initial sentence was that he was subject to

- 1 -

consecutive terms of imprisonment for two offenses that had been committed through the same act (79 AD3d 644, 644-645 [1st Dept 2010]). When the Appellate Division corrected the illegality by ordering that those terms be served concurrently, defendant was subject to a lawful sentence. At that point, CPL 430.10 precluded Supreme Court -- on remittal or otherwise -- from further altering the length of any sentence that defendant had been serving since 2008 (see People v LaSalle, 95 NY2d 827, 829 [2000]; People v Yannicelli, 40 NY2d 598, 602 [1976]).

Because Supreme Court lacked the authority to restructure defendant's sentence by running any of these sentences consecutively to one another, I do not consider whether consecutive sentences could be lawfully imposed for the particular sentences at issue here.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order affirmed. Opinion by Judge Stein. Judges Read, Pigott, Rivera and Abdus-Salaam concur. Chief Judge Lippman dissents in an opinion in which Judge Fahey concurs.

Decided May 7, 2015