OPINION OF THE COURT
Stein, J.
On defendant Sergio Rodriguez’s prior appeal, we held that CPL 470.20 authorized the Appellate Division to remit the matter to the sentencing court for consideration of whether one of defendant’s robbery sentences should be modified to run consecutively in light of the appellate court’s correction of the unlawful imposition of consecutive sentences with respect to his assault and attempted murder convictions (see People v Rodriguez, 18 NY3d 667, 669-671 [2012]). Therefore, on this appeal, we are constrained to hold that the sentencing court acted within its discretion — derived from that remittal — when it modified defendant’s sentence in accordance with the Appellate Division’s directive. We further conclude that the sentencing court’s imposition of consecutive sentences for defendant’s convictions of first-degree assault and first-degree robbery comports with Penal Law § 70.25 (2). We, therefore, affirm.
L
One evening in May 2007, defendant and two other men stopped the victim on a street in Manhattan. Defendant gestured with a gun and demanded that the victim hand over a gold chain that he was wearing around his neck. As the victim attempted to comply by lifting the chain, defendant shot him in the knee. Despite the victim’s continued efforts to remove his chain, defendant shot him twice more — once in the torso and, as the victim fell, again in his back. One of defendant’s accomplices then removed the necklace and the victim’s cell phone from his person. The victim survived, but sustained life-threatening injuries requiring extensive rehabilitation and causing lasting disability.
Following a jury trial, defendant was convicted of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), assault in the first degree (Penal Law § 120.10 [1]), two counts of robbery in the first degree (Penal Law § 160.15 [1], [4]), and robbery in the second degree (Penal Law § 160.10 [1]). Commenting on the gratuitously violent nature of the crime and defendant’s prior criminal history, the court sentenced him, as a second violent felony offender, to determinate terms of: 25 years on the attempted murder count; 15 years on the first- *242 degree assault count; 25 years for each count of first-degree robbery; and 15 years for the sole count of robbery in the second degree. The sentencing court directed that the assault sentence run consecutively to the attempted murder sentence, and that the remaining sentences run concurrently, resulting in an aggregate term of 40 years’ imprisonment, followed by five years of postrelease supervision.
Upon defendant’s appeal, the People conceded that the imposition of consecutive sentences for defendant’s assault and attempted murder convictions violated Penal Law § 70.25 (2) (see People v Laureano, 87 NY2d 640, 643 [1996]). The Appellate Division therefore modified the judgment by directing that those sentences be served concurrently, resulting in an aggregate term of 25 years in prison (People v Rodriguez, 79 AD3d 644, 644 [1st Dept 2010], affd 18 NY3d 667 [2012]). Additionally, the Appellate Division remanded the matter for resentencing to allow the court to “restructure the sentences to arrive lawfully at the aggregate sentence which it clearly intended to impose upon defendant” (79 AD3d at 645).
Defendant appealed to this Court, arguing that the Appellate Division’s remittal violated CPL 430.10, which prohibits a sentencing court from modifying a lawful sentence once it has commenced. Defendant also contended that the remaining counts must run concurrently pursuant to Penal Law § 70.25 (2). Although we determined that it would be premature, at that juncture, to address the propriety of running the individual counts consecutively, this Court held that the Appellate Division’s remittal did not violate CPL 430.10 because the corrective action taken by the Appellate Division fell within that Court’s authority as embodied in CPL 470.20 (see Rodriguez, 18 NY3d at 669-671). Thus, we affirmed the Appellate Division order.
At resentencing, defendant maintained that CPL 430.10 prohibited the court from realigning his sentences and that Penal Law § 70.25 (2) required the imposition of concurrent sentences for each count. Defendant also proffered evidence of his good behavior and progress while incarcerated in support of his argument that, even if consecutive sentencing was permissible, mitigation of his previously-imposed 40-year aggregate term of imprisonment was appropriate.
The sentencing court rejected defendant’s argument that CPL 430.10 was a legal impediment to the modification of his *243 sentences. Further, although the court acknowledged defendant’s positive efforts while incarcerated, it concluded that consecutive sentences were warranted due to the severity of the victim’s injuries and the heinous nature of defendant’s crimes. Thus, the. court modified defendant’s sentences by running his sentence for first-degree assault (based on causing serious physical injury with a deadly weapon) consecutively to his sentence for first-degree robbery involving the display of a firearm. Consequently, after resentencing, the aggregate term of defendant’s sentences was, again, 40 years, plus five years of postrelease supervision.
The Appellate Division affirmed (112 AD3d 488 [1st Dept 2013]), and a Judge of this Court granted defendant leave to appeal (22 NY3d 1202 [2014]).
IL
Defendant erroneously claims that we limited our prior decision in this case to the narrow issue of whether the Appellate Division’s remittal was barred by CPL 430.10, thereby leaving open the question of whether, upon that remittal, CPL 430.10 prohibited the sentencing court from modifying defendant’s sentences. To the contrary, the clear import of our holding that CPL 470.20 provided the Appellate Division with the discretion to direct realignment of defendant’s legally imposed sentences was that, by extension, the sentencing court was authorized to take such corrective action because it was specifically empowered to do so by the Appellate Division (see Rodriguez, 18 NY3d at 670).* We are bound by that holding (see generally People v Peque, 22 NY3d 168, 194 [2013], cert denied sub nom. Thomas v New York, 574 US —, 135 S Ct 90 [2014]; People v Taylor, 9 NY3d 129, 148 [2007]). Accordingly, the sentencing court’s realignment of defendant’s sentences did not violate CPL 430.10.
Defendant also argues that the imposition of consecutive sentences on his assault and robbery convictions was unlawful *244 because the crimes were comprised of a single act. Penal Law § 70.25 (2) mandates that concurrent sentences be imposed for “two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other.” We have held that, “[t]o determine whether consecutive sentences are permitted, a court must first look to the statutory definitions of the crimes at issue” to discern whether the actus reus elements overlap (People v Battles, 16 NY3d 54, 58 [2010], cert denied 565 US —, 132 S Ct 123 [2011]; see People v Frazier, 16 NY3d 36, 40 [2010]; Laureano, 87 NY2d at 643). Even where the crimes have an actus reus element in common, “the People may yet establish the legality of consecutive sentencing by showing that the ‘acts or omissions’ committed by defendant were separate and distinct acts” (Laureano, 87 NY2d at 643; see People v McKnight, 16 NY3d 43, 48 [2010]; People v Ramirez, 89 NY2d 444, 451 [1996]). Conversely, where “the actus reus is a single inseparable act that violates more than one statute, [a] single punishment must be imposed” (Frazier, 16 NY3d at 41 [internal quotation marks, citations and emphasis omitted]). The People bear the burden of establishing the legality of consecutive sentencing by “identifying the facts which support their view” that the crimes were committed by separate acts (Laureano, 87 NY2d at 644; see McKnight, 16 NY3d at 51).
Even if, as defendant contends, the statutory elements of his robbery and assault convictions overlap, the People have demonstrated in this case that the assault count and the robbery count at issue were committed by separate and distinct acts. According to the victim’s trial testimony, defendant gestured with the firearm and demanded that the victim relinquish his chain. The victim was acquiescing when, in an action completely unrelated to any use of force necessary to overcome resistance or compel compliance in order to effectuate the robbery, defendant repeatedly shot the victim.
Although defendant is indeed correct that the assault occurred before the robbery was completed, courts retain discretion to impose consecutive sentences “ ‘when separate offenses are committed through separate acts, though they are part of a single transaction’ ” (People v Azaz, 10 NY3d 873, 875 [2008], quoting People v Brown, 80 NY2d 361, 364 [1992]). The robbery was comprised of defendant’s acts of motioning with the firearm and demanding the chain, together with his accom *245 plice’s taking of the victim’s property (see Penal Law §§ 160.00, 160.15 [4]). In contrast, the act of assault occurred when defendant shot the victim with the requisite intent (see Penal Law § 120.10 [1]). On this record, the mere fact that the shooting interrupted, rather than succeeded, the theft does not render indivisible these separable acts (see Ramirez, 89 NY2d at 454). That is, because the “entire tenor of the robbery . . . was distinct from the life-threatening assault!,] . . . the violent and repeated shooting of [the victim] was a separate and distinct act” from the forcible theft of his property (id.; see also People v Tanner, 30 NY2d 102, 108 [1972]). Moreover, since the jury need not have concluded under the instructions given that the assault occurred in furtherance of the robbery, as compared to merely during the course thereof, we reject defendant’s claim that the robbery and assault were necessarily a single act because he was also charged with and convicted of robbery under Penal Law § 160.15 (1) (compare People v Parks, 95 NY2d 811, 815 [2000]).
Defendant’s remaining contention is unpreserved.
Accordingly, the order of the Appellate Division should be affirmed.

 Indeed, the dissenters to our prior decision also interpreted our holding as deciding this issue, contending that the majority opinion erroneously held that CPL 470.20 “supplies . . . authorization” to trial and sentencing courts for modification of a sentence that CPL 430.10 does not otherwise provide (18 NY3d 667, 673 [2012, Lippman, Ch. J., dissenting]). Contrary to the dissent’s assertion herein, our previous statement that it was “premature” for us to determine whether any of the sentences could be run consecutively referred only to whether the imposition of such sentences would violate Penal Law § 70.25 (2), as we expressly stated later in that opinion (18 NY3d at 671-672).