Chief Judge Lippman
(dissenting). When this case was previously before us, the Court characterized its own holding as being limited to “the narrow issue” of whether the Appellate Division was precluded by CPL 430.10 from remitting a matter to Supreme Court for resentencing in the circumstances presented (see 18 NY3d 667, 671 [2012]). The Court stated that it would be premature to address whether Supreme Court, upon remittal, could impose anything other than concurrent sentences (see 18 NY3d at 670). What the opinion did not rule upon explicitly is whether Supreme Court had the authority to reconfigure defendant’s sentence.
Perhaps because that authorization was not granted, the majority determines that the “clear import” of the prior holding was that Supreme Court had such authority by virtue of the Appellate Division’s remittal under CPL 470.20. But the Court left for another day — today, after Supreme Court actually exercised that power — the legality of the sentence imposed by Supreme Court.
I believe that Supreme Court lacked the authority to restructure defendant’s sentence under CPL 430.10. The flaw in defendant’s initial sentence was that he was subject to con *246 secutive terms of imprisonment for two offenses that had been committed through the same act (79 AD3d 644, 644-645 [1st Dept 2010]). When the Appellate Division corrected the illegality by ordering that those terms be served concurrently, defendant was subject to a lawful sentence. At that point, CPL 430.10 precluded Supreme Court — on remittal or otherwise— from further altering the length of any sentence that defendant had been serving since 2008 (see People v LaSalle, 95 NY2d 827, 829 [2000]; People v Yannicelli, 40 NY2d 598, 602 [1976]).
Because Supreme Court lacked the authority to restructure defendant’s sentence by running any of these sentences consecutively to one another, I do not consider whether consecutive sentences could be lawfully imposed for the particular sentences at issue here.
Judges Read, Pigott, Rivera and Abdus-Salaam concur; Chief Judge Lippman dissents in an opinion in which Judge Fa-hey concurs.
Order affirmed.