People v Dais (2020 NY Slip Op 00828)





People v Dais


2020 NY Slip Op 00828


Decided on February 4, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 4, 2020

Friedman, J.P., Renwick, Manzanet-Daniels, Singh, González, JJ.


2250/16 10948A 2375/17 10948

[*1] The People of the State of New York Respondent,
v
Aaron Dais, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Arielle Reid of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Beth Fisch Cohen of counsel), for respondent.



Judgments, Supreme Court, New York County (Abraham L. Clott, J.), rendered November 9, 2017, as amended December 22, 2017, and January 3 and 4, 2018, convicting defendant, after a jury trial, of attempted murder in the first and second degrees, assault in the first degree, three counts of robbery in the first degree, and two counts of criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 25 years to life, unanimously modified, on the law, to the extent of vacating the sentences on all convictions other than first-degree attempted murder, and remanding for resentencing on those convictions, and otherwise affirmed.
The court providently exercised its discretion in declining to strike the testimony of the victim, who was the People's main witness, based on his numerous invocations of his privilege against self-incrimination when defense counsel sought to question him about his drug-related activities from 2013 to the time of the shooting. There was no substantial risk of prejudice to defendant and no violation of his right of confrontation (see Delaware v Van Arsdall, 475 US 673, 678-679 [1986]). The matters that counsel sought to elicit would have been cumulative, because it was already undisputed that the victim was a drug dealer and was in New York for the purpose of purchasing drugs to resell on the day of the shooting (see People v Chin, 67 NY2d 22 [1986]; People v Roseboro, 151 AD3d 526 [1st Dept 2017], lv denied 30 NY3d 983 [2017]). We find unpersuasive defendant's assertion that he needed to explore additional details of the victim's drug activities leading up to the incident in order to present his defense that he disarmed and shot the victim, who had allegedly produced a weapon and attempted to coerce defendant to rob their drug supplier. Furthermore, on summation defense counsel was able to exploit the victim's repeated refusals to answer, and the court fashioned a suitable remedy by instructing the jury that it could consider invocation of the privilege in determining the victim's credibility (see id.). In any event, any error was harmless in light of the overwhelming evidence establishing defendant's guilt and refuting his unbelievable justification defense (see People v Hall, 18 NY3d 122, 132 [2011]).
The prosecutor effectively became an unsworn witness during redirect examination of the victim. There was a material issue involving the prosecutor's personal conduct as to whether he had informed the victim about his statutory immunity, and by repeatedly asking the victim if he remembered discussing the importance of "telling the truth," he created the risk of improperly influencing the jury (see People v Paperno, 54 NY2d 294, 300-301 [1981]). Nevertheless, the error was harmless. There was no substantial likelihood of prejudice flowing from the prosecutor's conduct (id. at 304), in light of the overwhelming evidence, as previously noted.
Defendant was not deprived of his right to be present when, in his absence, the court and counsel formulated a response to jury notes requesting readbacks of testimony (see People v Harrell, 168 AD3d 591 [1st Dept 2019], lv denied 33 NY3d 976 [2019]).
We perceive no basis for reducing the sentence. However, the People concede that because defendant was absent during the December 22, 2017 proceeding at which the court imposed lawful terms of postrelease supervision on the convictions for which determinate sentences were imposed, defendant should be resentenced on those convictions.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 4, 2020
CLERK