People v Quiles (2020 NY Slip Op 07470)





People v Quiles


2020 NY Slip Op 07470


Decided on December 10, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 10, 2020

Before: Manzanet-Daniels, J.P., Mazzarelli, Gesmer, Moulton, Shulman, JJ. 


SCI Nos. 3220/15 3221/15 Ind. No. 236/17 Appeal No. 12607-12607A Case No. 2018-1579 

[*1]The People of the State of New York, Respondent,
v
Oswaldo Quiles, Defendant-Appellant. 


Janet E. Sabel, The Legal Aid Society, New York (Hannah Gladstein of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Robert Myers of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Shari R. Michels, J. at plea; Raymond L. Bruce, J. at sentencing), rendered April 6, 2017, convicting defendant of two counts of grand larceny in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of two years, with four years' postrelease supervision, unanimously modified, on the law, to the extent of replacing the sentences with concurrent terms of two to four years, without postrelease supervision, and otherwise affirmed. Judgment, same court and date (Bruce, J.), convicting defendant, upon his plea of guilty, of attempted criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to a concurrent term of 3½ years, with two years' postrelease supervision, unanimously affirmed.
Although defendant was promised concurrent sentences of two to four years for his grand larceny convictions, the sentencing court inadvertently imposed sentences of two years with four years' postrelease supervision, which were not legal sentences for that crime. Because the court clearly intended to impose the promised lawful sentence, we modify to impose that sentence (see People v LaSalle , 95 NY2d 827, 829 [2000]).
At the proceeding where he pleaded guilty to grand larceny, defendant made a valid waiver of his right to appeal. However, at the separate proceeding where he pleaded guilty to attempted sale of a controlled substance, defendant did not make a valid appeal waiver. In any event, regardless of any appeal waivers, we perceive no basis for reducing the latter sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 10, 2020