People v Dais (2023 NY Slip Op 01145)

People v Dais

2023 NY Slip Op 01145

Decided on March 02, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 02, 2023

Before: Moulton, J.P., González, Scarpulla, Shulman, JJ. 

Ind No. 2250/16 2375/17 Appeal No. 17439 Case No. 2021-00051 

[*1]The People of the State of New York, Respondent,
v
Aaron Dais, Defendant-Appellant. 

Robert S. Dean, Center for Appellate Litigation, New York (Jody Ratner of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Michael D. Tarbutton of counsel), for respondent.

Judgment of resentence, Supreme Court, New York County (Abraham L. Clott, J.), rendered November 19, 2020, resentencing defendant to an aggregate term of 25 years to life, and imposing an aggregate term of five years of postrelease supervision as to certain convictions, unanimously affirmed.
On defendant's initial appeal, this Court modified the judgment of conviction only by "vacating the sentences on all convictions other than first-degree attempted murder, and remanding for resentencing on those convictions" (180 AD3d 417, 417 [1st Dept 2020], lv denied 35 NY3d 993 [2020]). Because the indeterminate sentence on the attempted first-degree murder conviction was not vacated, the resentencing court correctly determined that it lacked authority to resentence defendant on that conviction.
Moreover, CPL 430.10 provides that a lawful sentence may not be changed once its term has commenced. This Court found no error in the sentence other than defendant's absence from the 2017 resentencing, which affected only the determinate sentences. Thus, had the resentencing court gone beyond the authorized remand to correct a defect in the earlier sentence, it would have "done what it was prohibited from doing by CPL 430.10 — changing a lawful sentence after the term of the sentence had commenced" (People v Rodriguez, 18 NY3d 667, 671 [2012]).
To the extent that defendant is arguing that this Court's modification should have been broader, that claim is not cognizable on this appeal. Instead, defendant should have moved for reargument. In any event, unlike the original determinate sentences, there was nothing defective about the indeterminate sentence, and thus no reason for the resentencing to affect that sentence. The CPL 380.20 requirement of sentencing on every count was satisfied by the original sentence for attempted first-degree murder, which was valid and was left undisturbed.
Similarly, defendant's argument that his sentence on the attempted first-degree murder conviction was harsh and excessive is not properly before this Court. In any event, we considered and rejected defendant's excessive sentence claim on the prior appeal. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 2, 2023