People v McGovern (2024 NY Slip Op 05242)

People v McGovern

2024 NY Slip Op 05242

Decided on October 24, 2024

Court of Appeals

Rivera

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 24, 2024

No. 81 

[*1]The People & c., Respondent,
v
Randall K. McGovern, Appellant.

Jeremy D. Schwartz, for appellant.
Michael J. Hillery, for respondent.

RIVERA, J.

Defendant challenges the legality of the consecutive sentences imposed on his larceny and forgery convictions. We conclude that consecutive sentences were wholly permissible on the facts here because the larceny and forgery were not "committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and was also a material element of the other" as Penal Law § 70.25 (2) requires for concurrent sentences to be mandatory.
* * *

Defendant was convicted after a jury trial of, among other counts, third-degree larceny under Penal Law § 155.35 (1) and second-degree forgery under Penal Law § 170.10 (1), based on a scheme to steal tires by false representation.[FN1] According to the trial evidence, the Exxpress Tire Delivery Company received a telephone order [*2]from Basil Ford Truck Center by someone identifying themselves as Joe Basil Jr., for next-day delivery. The following day, on July 6, 2017, while en route to deliver the tires, and as per the instructions on the invoice, the driver called a number listed therein for "Joe Junior" for additional delivery instructions. The man who answered the call told the driver to take the tires to a business adjacent to the Basil Ford Truck Center. When the driver arrived at the location he saw "a truck with a trailer" parked "on the side of the building" with a man standing next to it. He asked the man—who he identified in-court as defendant—"if he was taking the tires for delivery," to which the man responded "yes." Defendant also told the driver that he was an employee of the Basil family. The two loaded the tires onto the trailer and the driver then presented defendant with the tire invoice, which defendant falsely signed: "Joe Basil." Joe Basil Chevrolet—a business affiliated with the Basil Ford Truck Center—was thereafter billed for the tires. Joe Basil Chevrolet contested the bill, explaining that it never received the tires. The real Joe Basil Jr. testified that it was not his voice on the phone order, that he never authorized a purchase of tires, and that the signature on the invoice was not his.
As relates to the two offenses at issue on this appeal, the court charged the jury as follows.
"[A] person is guilty of grand larceny in the third degree when that person steals property and when the value of the property exceeds three thousand dollars. A person steals property and commits larceny when, with the intent to deprive another of property or to appropriate the same to himself, such person wrongfully takes, obtains or withholds such property from an owner of that property."
The court also instructed that "[s]ome of the terms used in this definition, steals property, have their own special meaning" and as to larceny by false pretenses,
"[a] person wrongfully takes, obtains or withholds property from an owner when that person makes a false representation of a past and existing fact while aware that such representation is false and obtains possession to the property as a result of the owner's reliance upon such representation."
"[A] person is guilty of forgery in the second degree when, with intent to defraud, deceive or injure another, he falsely makes, completes or alters a written instrument, which is or purports to be or which is calculated to become or to represent, if completed, an instrument which evidenced and created a legal right."
The jury convicted defendant on all charged counts and the court sentenced defendant as a second felony offender to 3½ to 7-years' incarceration on the third-degree larceny and forgery counts, to run consecutively, and imposed restitution for the value of the tires. As to the consecutive prison terms, the court explained:
"[T]he consecutive sentencing is both warranted and lawful because these crimes constitute separate and distinct acts, even if some of them occurred on the same date and were part of a single transaction. Specifically, the act of forgery under count two is distinct from the act of larceny under count one. Although these two crimes took place on the same day and although the forgery occurred during the larceny, these two crimes were successive acts. Furthermore, the statutory elements of each crime are categorically discrete. One is not a legal component of the other, nor do the material elements of these offenses overlap."
The Appellate Division affirmed the judgment of conviction (214 AD3d 1339 [4th Dept 2023]), and a Judge of this Court granted defendant leave to appeal (40 NY3d 951). We now affirm.
Defendant's sole contention on this appeal is that the consecutive sentences are unlawful because the larceny and forgery counts at issue are based on the same transaction and arose from a singular act. As the prosecution correctly argues, on the facts and law, and based on the charge to the jury, defendant's argument lacks merit.
Section 70.25 (2) provides that, "[w]hen more than one sentence of imprisonment is imposed on a person for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other, the sentences . . . must run concurrently" [*3](Penal Law § 70.25 [2]). Thus, in accordance with section 70.25 (2), "sentences imposed for two or more offenses may not run consecutively: (1) where a single act constitutes two offenses, or (2) where a single act constitutes one of the offenses and a material element of the other" (People v Laureano, 87 NY2d 640, 643 [1996]).
Under the first prong, "where the actus reus is a single inseparable act that violates more than one statute, [a] single punishment must be imposed" (People v Rodriguez, 25 NY3d 238, 244 [2015] [internal quotation marks and citation omitted]), meaning that, if the prosecution is "unable to point to any testimony or evidence which would support the view that the offenses of which defendant stands convicted involved disparate or separate acts, the sentences must run concurrently" (People v Underwood, 52 NY2d 882, 883 [1981])." 'To constitute the offence of larceny, there must be a taking or severance of the goods from the possession of the owner' " (People v Alamo, 34 NY2d 453, 457 [1974], quoting Harrison v People, 50 NY 518, 523 [1872]). Here, as charged to the jury, defendant accomplished the taking once the driver loaded the tires onto defendant's trailer, which preceded defendant falsely signing the invoice as "Joe Basil Jr." Therefore, the singular-act prong of Penal Law § 70.25 (2) is not satisfied here.
As to the second prong, courts "first look to the statutory definitions of the crimes at issue to discern whether the actus reus elements overlap" (Rodriguez, 25 NY3d at 244 [internal quotation marks and citation omitted]). "[T]he commission of one offense is a material element of a second for restrictive sentencing purposes if, by comparative examination, the statutory definition of the second crime provides that the first crime is also a necessary component in the legislative classification and definitional sense" (Day, 73 NY3d at 211; see e.g. Laureano [holding that, under their Penal Law definitions, "[t]he 'act or omission' that constitutes manslaughter in the first degree—'caus[ing] the death of [a] person or of a third person' "—in all cases is a material element of first-degree robbery, which requires infliction of "serious physical injury"]).
Forgery is not a necessary element of larceny by false pretenses because this class of larceny may be accomplished by any number of other false representations that induce the owner to part with their property. Put another way, because forgery is not the exclusive means to accomplish a larceny by false pretenses, forgery is not "a necessary component" of the larceny count "in the legislative classification and definitional sense" (id.). Therefore, the offenses do not satisfy this material-elements prong because, under this prong, we do not consider "the act-specific circumstances and proof of a crime" (id.). Of course here, the comparison between the statutory definitions tracks the convicted acts. Several false statements advancing the scheme eventually induced the driver to release the tires to defendant's possession. For example, defendant made an in-person, false statement to the delivery driver while they were loading the tires into defendant's truck that he was an employee of the Basil family.
For the reasons discussed, the trial court did not violate Penal Law § 70.25 (2) when it sentenced defendant to consecutive sentences on the third-degree grand larceny and second-degree forgery counts. Accordingly, the order of the Appellate Division, insofar as appealed from, should be affirmed.
Order insofar as appealed from affirmed. Opinion by Judge Rivera. Chief Judge Wilson and Judges Garcia, Singas, Cannataro, Troutman and Halligan concur.
Decided October 24, 2024

Footnotes

Footnote 1: The jury also convicted defendant on two other counts—attempted grand larceny under Penal Law § 110/155.35 (1) and petit larceny under Penal Law § 155.25 based on his theft of other property in connection with a similar false representation scheme, as well as on one count of scheme to defraud under Penal Law § 190.65 (1) (b), based on his orchestration of both schemes. Nothing related to the second scheme is at issue in this appeal.