People v Davis (2024 NY Slip Op 05648)

People v Davis

2024 NY Slip Op 05648

Decided on November 14, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 14, 2024

Before: Webber, J.P., Singh, Gesmer, González, Scarpulla, JJ. 

Ind No. 4487/96 Appeal No. 3030,3030A Case No. 2021-02099 

[*1]The People of the State of New York, Respondent,
v
Donald Davis, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Lorraine Maddalo of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Michael D. Tarbutton of counsel), for respondent.

Order, Supreme Court, New York County (Ruth Pickholz, J.), entered on or about September 29, 2020, which denied defendant's motion pursuant to CPL 440.20 to set aside the sentence insofar as it directed that two prison terms of 20 years to life for murder in the first degree run consecutively to each other rather than concurrently with each other, and order (same court and justice), entered on or about February 16, 2021, which granted defendant's motion for reargument, but adhered to its earlier determination, unanimously modified, on the law, to the extent of ordering that defendant's two sentences for murder in the first degree run concurrently, and the matter remanded for plenary resentencing, and otherwise affirmed.
Defendant is entitled to the imposition of concurrent sentences with regard to his two convictions of murder in the first degree pursuant to Penal Law § 125.27(1)(viii) (seePeople v Rosas, 8 NY3d 493 [2007]). The facts in Rosas, in which the defendant was convicted of two counts of first-degree murder pursuant to Penal Law § 125.27(1)(viii) for intentionally shooting and killing his former girlfriend and her husband as they slept in their bed, are materially indistinguishable from those here, in which defendant intentionally shot and killed one man, a neighbor who entered the apartment hallway to investigate an argument between defendant and the female victim, and seconds later intentionally shot and killed the building's superintendent, whom he encountered as he left the building. This conclusion is not altered by the fact that, in the short interval between fatally shooting the two men, defendant shot and grievously injured the woman he argued with in the hallway with the intent to kill her.
To the extent that the court attempted to prospectively impose the 10 to 20-year sentence for attempted murder to run consecutively to the first-degree murder sentences in the event that this Court determines that the first-degree murder sentences must be imposed to run concurrently, that order is a nullity in that no statutory authority exists for imposing sentence in this manner.
However, we reject defendant's argument that the trial court is limited on remand to correcting the erroneous imposition of consecutive sentences on the first-degree murder counts. As the Court of Appeals made clear in People v Rodriguez (18 NY3d 667, 671 [2012] [quoting People v LaSalle, 95 NY2d 827, 829 [2000]), CPL 470.20 gives this Court — unlike a trial court asked to correct a specific illegality in the sentence imposed —broad discretion "upon reversing or modifying a sentence, [to] either . . . remit to the trial court for resentencing or . . . substitute its own legal sentence for the illegally imposed sentence." Further, CPL 430.10, which states that "when the court has imposed a sentence of imprisonment and such sentence is in accordance with law, such sentence may not be changed, suspended or interrupted once the term or period of the sentence [*2]has commenced," is no impediment to consecutive sentencing on the attempted murder count. That statute applies to trial courts (see Rodriguez, 18 NY3d at 670), and in any event, its proviso that it applies "[e]xcept as otherwise specifically authorized by law," would exempt exercise of discretionary authority conferred on this Court by CPL 470.20.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 14, 2024